IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

MISSISSIPPI ASSOCIATION OF
EDUCATORS, BARBARA PHILLIPS,
JAMES THOMAS, DAWN ZIMMERER,
L.E. JIBOL, UNITED CAMPUS
WORKERS SOUTHEAST LOCAL 3821,
MADISYN DONLEY, ALEXIS COBBS,
KAREN ADERER, FOSTERING
LGBTQ+ ADVOCACY, RESOURCES,
ENVIRONMENTS AND WOMEN IN
SCIENCE AND ENGINEERING,

*Plaintiffs,*                                    Civil No. 3:25-cv-417-HTW-LGI
   v.

BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER
LEARNING, MISSISSIPPI COMMUNITY
COLLEGE BOARD, MISSISSIPPI STATE
BOARD OF EDUCATION, MISSISSIPPI
CHARTER SCHOOL AUTHORIZER
BOARD,

*Defendants.*

## DECLARATION OF BARBARA PHILLIPS

I, BARBARA PHILLIPS, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I submit this declaration based on my personal knowledge.

2. I am a civil rights lawyer and an adjunct member of the faculty at the University of Mississippi School of Law. In my role as a professor, I teach law students about constitutional law, civil rights litigation, the role of lawyers in our society, and the history and impact of laws and policies that affect marginalized communities.

3. As part of my teaching, I regularly discuss matters of race, racism, systemic inequality, and implicit bias. These topics are essential to understanding the legal doctrines and historical context of many civil rights cases and statutes, and they are central to preparing students to practice law in a diverse and pluralistic society.

4. Mississippi's recently enacted anti-DEI (Diversity, Equity, and Inclusion) legislation has created uncertainty and concern about what I am permitted to say in the classroom. The law's vague and sweeping language leaves me unclear about whether my standard teaching materials and classroom discussions could subject me to discipline, censure, or other professional consequences. I will be impacted by sections 3(b), 3(i), 3(f), and 3(g) of HB 1193. I want to be able to continue to teach my class as before, but I will be unable to do so. I will be forced to censor my viewpoints, and I will not be able to speak freely and honestly with my students.

5. I am not alone in this concern. Other professors at the University of Mississippi have also expressed uncertainty about what they can and cannot say under this new law. Faculty members have raised questions about whether discussing topics such as racism, the civil rights movement, or structural inequality might now be considered impermissible under the law.

6. As an educator and legal scholar, I believe that open, honest, and rigorous classroom discussion is essential to academic freedom and effective teaching. The chilling effect of this legislation threatens not only the quality of legal education in Mississippi but also the ability of educators to engage students in the critical examination of law and society.

7. The University of Mississippi School of Law is accredited by the American Bar Association ("ABA"), and accreditation requires us to comply with ABA Standards and Rules. The ABA requires law schools to teach about bias, cross-cultural competency, and the effects of racism on the legal profession. HB 1193 will prevent the law school from complying with this requirement, and the University of Mississippi School of Law's accreditation will be impacted by our inability to follow applicable Rules and Standards.

8. I remain deeply committed to my students and to the mission of legal education. However, the ambiguity and potential disciplinary consequences of the anti-DEI legislation have placed me in a position of legal and professional risk for doing the work I have long done as a civil rights lawyer and professor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of June, 2025, in Oxford, Mississippi.

Barbara Phillips
Adjunct Professor of Law
University of Mississippi School of Law