IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

| | |
|---|---|
| MISSISSIPPI ASSOCIATION OF EDUCATORS, BARBARA PHILLIPS, JAMES THOMAS, DAWN ZIMMERER, L.E. JIBOL, UNITED CAMPUS WORKERS SOUTHEAST LOCAL 3821, MADISYN DONLEY, ALEXIS COBBS, KAREN ADERER, FOSTERING LGBTQ+ ADVOCACY, RESOURCES, ENVIRONMENTS AND WOMEN IN SCIENCE AND ENGINEERING,<br><br>*Plaintiffs*,<br>v.<br>BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, MISSISSIPPI COMMUNITY COLLEGE BOARD, MISSISSIPPI STATE BOARD OF EDUCATION, MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD,<br>*Defendants*. | Civil No. 3:25-cv-00417-HTW-LGI |

## DECLARATION OF D'ANDRA OREY

Pursuant to 28 U.S.C. § 1746, I, D'Andra Orey, make the following declaration under penalty of perjury:

1. My name is D'Andra Orey. I am a Professor of Political Science at Jackson State University ("JSU") and a former chair of the Department of Political Science at JSU. I have been at JSU since 2008.

2. Many of the concepts banned by the law are essential to my job, my academic freedom, and the exercise of my rights to free speech as part of my job. I want to continue doing my job as before.

3. My work is impacted by the following sections of HB 1193: 3(b), 3(i), 3(f), and 3(g). I teach about politics, including its connection with race and gender. I would be unable to teach my courses as I currently do if I were to comply with the law. For example, I teach about disparities and inequalities in policies and politics along racial and gender lines. I would not be able to do that if I were to comply with the law. I would have to limit my teaching to disparities focused on class, which exist, but which are not the full picture of political disparities in Mississippi and in the United States. There are large parts of my teaching that are or may be banned by the law.

4. For example, in my academic work, I employ quantitative methods to compile and analyze data that reveal whether—and why—disparities exist. My research consistently shows significant racial and gender disparities across various areas, including health, education, income, and professional advancement in Mississippi and across the United States. Although these findings are grounded in empirical, evidence-based analysis, many of them could be subject to restriction or outright ban under the law.

5. To properly teach my area of political science, it is essential that I be able to talk about topics that are banned by the law, including race and gender.

6. I fear that if I don't comply with the law, a student or someone else may complain about my classes which could expose me to penalties under the law. I fear that even if my teaching is not prohibited by the law, some may see it as violating the law exposing me to penalties. I do not plan to self-censor but fear that could open me up to complaints that I have violated the law.

7. Students will receive an inferior education as a result of the law, which prevents them from discussing and learning about the systemic causes of disparities and inequalities—thereby reinforcing a sense of inferiority within themselves.

8. Many provisions of the law are vague and confusing, and I am unable to determine what I can and cannot do under it.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed: June 16, 2025

D'Andra Orey