MISSISSIPPI LEGISLATURE                                    REGULAR SESSION 2025

By: Representatives Hood, Powell, Burch,    To: Judiciary A
Calvert, Keen, Tubb, Hale, Arnold

# HOUSE BILL NO. 1193
(As Sent to Governor)

1   AN ACT TO PROHIBIT CERTAIN ACTIONS RELATED TO DIVERSITY,
2   EQUITY AND INCLUSION; TO DEFINE TERMS; TO REQUIRE THE BOARD OF
3   TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, THE MISSISSIPPI
4   COMMUNITY COLLEGE BOARD, THE MISSISSIPPI STATE BOARD OF EDUCATION,
5   AND THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD TO ENSURE THAT
6   EACH INSTITUTION, COLLEGE, AND PUBLIC SCHOOL DOES NOT USE CERTAIN
7   FUNDS FOR CERTAIN PURPOSES; TO REQUIRE ALL PUBLIC SCHOOLS AND
8   PUBLIC POSTSECONDARY EDUCATION INSTITUTIONS TO TEACH, PROMOTE, AND
9   DISTRIBUTE INFORMATION BASED ON THE DEFINITIONS PROVIDED IN STATE
10  LAW; TO CREATE EXCEPTIONS; TO REQUIRE EACH INSTITUTION, COLLEGE,
11  OR PUBLIC SCHOOL TO SUBMIT A REPORT TO ITS GOVERNING BOARD BY JULY
12  30 OF EACH YEAR SUMMARIZING ALL REPORTED INCIDENTS AND
13  INVESTIGATIONS; TO REQUIRE EACH BOARD TO SUBMIT A REPORT OF
14  INCIDENTS AND INVESTIGATIONS TO THE LEGISLATURE BY OCTOBER 30 EACH
15  YEAR; AND FOR RELATED PURPOSES.

16      BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

17      **SECTION 1.**  The purpose of this act is to prohibit public

18  schools and public postsecondary educational institutions from

19  taking certain actions and engaging in discriminatory practices.

20  This act seeks to ensure that employment, academic opportunities

21  and student engagement are based solely on individual merit,

22  qualifications and academic performance, without consideration of

23  an individual's race, sex, color, national origin, or expressed


EXHIBIT A

24 opposition to, or refusal to affirm or participate in, diversity,
25 equity and inclusion.
26     **SECTION 2.**  (1)  As used in this act, the following terms
27 shall have the meanings ascribed herein unless the context clearly
28 requires otherwise:
29          (a)  "Diversity, equity and inclusion" shall mean:
30               (i)  Any effort to select or influence the
31 composition of the faculty, staff, employee or student body by
32 favoring applicants based on race, sex, color or national origin;
33               (ii)  Any effort to promote differential treatment
34 of or provide special benefits to individuals in employment or
35 admissions based on race, sex, color or national origin;
36               (iii)  Any effort to promote or promulgate policies
37 and procedures designed or implemented to favor individuals based
38 on race, color or national origin, except as otherwise permitted
39 in state and federal law;
40               (iv)  Any effort to require trainings, programming,
41 or activities designed and\or implemented to compel participants
42 to change their beliefs with reference to race, color, national
43 origin, gender identity or sexual orientation; and
44          (b)  "Diversity, equity and inclusion office" means an
45 office, division or other unit of an institution of higher
46 learning, community college or public school established for the
47 purpose of:

```
48                    (i)  Promoting hiring decisions or employment
49   practices at the institution, college or public school that favor
50   individuals based on race, sex, color or national origin;
51                    (ii)  Promoting differential treatment of or
52   providing special benefits to favor individuals in admissions and
53   hiring based on race, sex, color or national origin; or
54                    (iii)  Promoting policies or procedures or
55   conducting trainings, programs, or activities designed or
56   implemented to favor individuals based on race, sex, color or
57   national origin, other than policies or procedures approved in
58   writing by the institution, college or public school's legal
59   counsel for the sole purpose of ensuring compliance with any
60   applicable formal final finding of the court.
61              (c) "Diversity statement" means a written statement or
62   essay that requires an individual to express their views or
63   commitment regarding issues related to race, sex, color, national
64   origin, gender identity, sexual orientation, or national origin.
65              (d)  "Diversity training" means any formal or informal
66   education, seminars, workshops or institutional program that focus
67   on increasing awareness or understanding of issues related to
68   race, sex, color, gender identity, sexual orientation or national
69   origin.
70              (e)  "Divisive concepts" are concepts that:
71                    (i)  One (1) race, sex, color, or national origin
72   is inherently superior to another race or sex;
```



```
73                    (ii)   An individual, by virtue of his or her race,
74   sex, color, national origin, is inherently racist, sexist, or
75   oppressive, whether consciously or unconsciously;
76                    (iii)  An individual should be discriminated
77   against or treated adversely solely because of their race, sex,
78   color, or national origin;
79                    (iv)   Members of one (1) race, one (1) sex, one (1)
80   color, one (1) national origin cannot and should not attempt to
81   treat others without respect to race, color, national origin or
82   sex, gender identity, sexual orientation, or national origin;
83                    (v)    An individual's moral character is necessarily
84   determined by his or her race, color, sex, or national origin;
85                    (vi)   An individual, by virtue of his or her race,
86   color, sex or national origin, bears responsibility for actions
87   committed in the past by other members of any class listed herein;
88                    (vii)  An individual should feel discomfort, guilt,
89   anguish or any other form of psychological distress on account of
90   his or her race, color, sex, or national origin; or
91                    (viii) Meritocracy or traits such as hard work
92   ethic are racist or sexist, or were created by a particular class
93   to oppress another class.
94             (f)    "Public school" means an elementary or secondary
95   school governmental entity under the exercise and management of a
96   local school governing board, established to supervise one or more
```

```
 97    public schools within its geographical limits pursuant to state
 98    statutes. The term also includes:
 99              (i)   Agricultural high schools;
100              (ii)  The Mississippi School for the Deaf and
101    Blind, under the governing authority of the State Board of
102    Education;
103              (iii) The Mississippi School for the Arts, under
104    the governing authority of the State Board of Education;
105              (iv)  The Mississippi School for Mathematics and
106    Science, under the governing authority of the State Board of
107    Education; and
108              (v)   Public charter schools.
109         (g)  "Public postsecondary education institutions" means
110    any state-supported four-year college or university under the
111    purview of the Board of Trustees of the State Institutions of
112    Higher Learning and any two-year community or junior college under
113    the purview of the Mississippi Community College Board and the
114    boards of trustees of the community college district to which the
115    community or junior college is assigned.
116         (h)  "Board" or "boards" means either the Board of
117    Trustees of State Institutions of Higher Learning, the Mississippi
118    Community College Board, the Mississippi State Board of Education,
119    the Mississippi Charter School Authorizer Board, the local board
120    of education for a local school district, or the governing board
121    of a public charter school, or all of them, as applicable.
```

122        (i)  "Sex" has the definition given in Sections
123   1-3-83(3) and 41-141-3(a).
124        (j)  "Gender identity" reflects a fully internal and
125   subjective sense of self, disconnected from biological reality and
126   sex and existing on an infinite continuum, that does not provide a
127   meaningful basis for identification and cannot be recognized as a
128   replacement for sex.
129       **SECTION 3.**  The Board of Trustees of State Institutions of
130   Higher Learning, the Mississippi Community College Board, the
131   Mississippi State Board of Education and the Mississippi Charter
132   School Authorizer Board shall ensure that each institution,
133   college and public school, as applicable, shall not:
134        (a)  Establish or maintain a diversity, equity and
135   inclusion office as defined in subsection (1)(b) of this section;
136        (b)  Engage in divisive concepts as defined in Section
137   2(d) and (e) of this act;
138        (c)  Hire or assign faculty, staff or employee of the
139   institution, college or public school or contract with a third
140   party to perform the duties of a diversity, equity and inclusion
141   office;
142        (d)  Require, request, or consider diversity statements
143   or similar materials from job applicants as part of the hiring
144   process, contract renewal process, evaluation or promotion
145   process;

146        (e)  Give preference based on race, sex, color or
147  national origin to an applicant for employment, or when awarding a
148  contract at the institution, college or public school;
149        (f)  Maintain any programs, including academic programs
150  or courses, or offices that promote diversity, equity and
151  inclusion, endorse divisive concepts or concepts promoting
152  transgender ideology, gender-neutral pronouns, deconstruction of
153  heteronormativity, gender theory, sexual privilege or any related
154  formulation of these concepts;
155        (g)  Require, as a condition of enrolling at, accepting
156  employment with, or being awarded a contract at an institution,
157  college or public school, or as a requirement of continuing
158  enrollment, employment or contractual obligation at an
159  institution, college or public school, any person to participate
160  in diversity, equity and inclusion training;
161        (h)  Penalize or discriminate against a student,
162  employee, faculty, staff or contractor on the basis of his or her
163  refusal to support, believe, endorse, embrace, confess, act upon
164  or otherwise assent to a diversity, equity or inclusion concept as
165  set forth in this section; and
166        (i)  Require any "diversity training" as defined in
167  Section 2 or any other policies or procedures that result in any
168  formal or informal education, seminars, workshops or institutional
169  program that focus on increasing awareness or understanding of

170 issues related to race, sex, color, gender identity, sexual
171 orientation or national origin.
172    **SECTION 4.**   (1)  The State Department of Education, the Board
173 of Trustees of State Institutions of Higher Learning, the
174 Mississippi Community College Board and the Mississippi Charter
175 School Authorizer Board shall recognize, teach and establish
176 policies and curriculum in accordance with the definitions of the
177 terms "female," "male" and "sex" as provided in Section 1-3-85 and
178 Section 41-141-3(a).  Notwithstanding any other provision of law
179 to the contrary, the policies and curriculum authorized by this
180 subsection shall be adopted and approved as provided by law.
181    (2)  Nothing in this section may be construed to limit or
182 prohibit an institution, college or public school, or an employee,
183 faculty or staff of such, from submitting to a grantor or
184 accrediting body a statement that certifies compliance with
185 controlling state and federal antidiscrimination laws for purposes
186 of applying for a grant or from complying with the terms of
187 accreditation by an accrediting body.
188    **SECTION 5.**  This act may not be construed to apply to and/or
189 prohibit:
190          (a)  Programs for Military Veterans, students with
191 disabilities or students presently or formerly under a child
192 protective services order;

```
193              (b)  Scholarly research or a creative work by students,
194   faculty, employee or staff at an institution, college or public
195   school or the dissemination of that work;
196              (c)  An activity of a registered student organization,
197   guest speaker or performer at an institution, college or public
198   school as long as state funds are not used;
199              (d)  A policy to limit or restrict freedom of speech
200   pursuant to the First Amendment of the United State Constitution
201   or Section 13 of the Mississippi Constitution or academic course
202   instruction that undermines the duty of a public school, or public
203   postsecondary educational institution to protect academic course
204   instruction, intellectual diversity and true expression provided
205   that none of these protected tenets conflict with the act;
206              (e)  Data collection or reporting of demographic data by
207   a public school or public postsecondary educational institution;
208              (f)  Student recruitment;
209              (g)  Programs, campus activities or certifications for
210   compliance with state and federal laws or applicable court order;
211              (h)  An institution, college or public school from
212   requiring or taking action against a student, employee, faculty,
213   staff or contractor for failing to comply with federal or state
214   law;
215              (i)  Discussing pathological approaches or experience
216   with students with mental or physical disabilities; or
```

```
217            (j)  Prohibit a public school or public postsecondary
218     education institution from complying with any applicable academic
219     accreditation standards or requirements.
220         SECTION 6.  Beginning in 2026, by July 30 of each year, each
221     institution, college or public school shall submit to their
222     respective boards an annual report summarizing all formal
223     complaints and the dispositions of those investigations and
224     violations.  Any institution, college or public school that is not
225     in compliance with the requirements of this act at the time the
226     institution, college or public school files the required report
227     shall provide a written statement explaining its failure to
228     comply.  By October 30 of each year, the Board of Trustees of
229     State Institutions of Higher Learning, Mississippi Community
230     College Board, State Board of Education and Mississippi Charter
231     School Authorizer Board shall prepare a report that compiles the
232     reports from each institution, college and public school and makes
233     recommendations for any proposed changes to this act and submit it
234     to the Legislature.  The Legislature may call a representative of
235     the Board of Trustees of the State Institutions of Higher
236     Learning, Mississippi Community College Board, School Board of
237     Education and the Mississippi Charter School Authorizer Board to
238     testify before the standing legislative committees with primary
239     jurisdiction over higher education and education, as applicable,
240     at a public hearing of the committees regarding the boards'
241     compliance with this section.
```

242       **SECTION 7.**   (1)  Within ninety (90) days of the effective
243  date of this act, the Board of Trustees of State Institutions of
244  Higher Learning shall adopt a complaint process, investigative
245  procedures, and all other policies and procedures for
246  appropriately investigating violations of this act.
247       (2)  (a)  Within ninety (90) days of the effective date of
248  this act, the Mississippi Community College Board, the State Board
249  of Education in conjunction with Mississippi School Board
250  Association and the Mississippi Charter School Authorizer Board
251  shall adopt a model complaint process, investigative procedures
252  and all other policies and procedures for appropriately
253  investigating violations of this act.
254            (b)  Within ninety (90) days of adoption of model rules,
255  every local school board, governing board of a charter school, and
256  board of trustees for junior and community colleges shall adopt
257  policies and procedures for appropriately investigating violations
258  of this act.  The State Board of Education, as the governing board
259  for state-operated schools, shall adopt such rules for these
260  schools.
261       (3)  Any employee, faculty, staff or contractor, or student
262  who desires to assert a violation of this act shall file a formal
263  complaint within thirty (30) days of the alleged violation with:
264            (a)  The local school board of the school district in
265  which the violation occurred;

```
266              (b)  The governing board of the charter school in which
267     the violation occurred;
268              (c)  The State Board of Education for all state-operated
269     schools;
270              (d)  The board of trustees for the Community College in
271     which the violation occurred; or
272              (e)  The board of trustees of the state institutions of
273     higher learning for any state institution of higher learning under
274     its jurisdiction.
275         (4)  Any person under eighteen (18) years of age may bring an
276     action under this act through a parent, guardian or next friend
277     and may bring an action in his or her own name upon reaching the
278     age of eighteen (18) years.
279         (5)  A person filing a complaint with any board is limited to
280     any student enrolled at an institution, college or public school,
281     any faculty, employee or staff member of an institution, college
282     or public school, any contractor of an institution, college or
283     public school, or any parent, guardian or next friend of a minor
284     student who has allegedly been harmed by the institution, college
285     or public school's failure to comply with this act.
286         (6)  (a)  The respective board shall investigate the reported
287     violation or potential violation under the board's procedures as
288     established in this act and make a finding within thirty (30)
289     days. If the board does not find a violation of this act, they
290     shall issue a formal final finding. Such board shall report that
```

```
291    finding to the person making the complaint and to the institution,
292    college, or public school that is the subject of the
293    investigation.
294              (b)  If the board finds a violation of this act, the
295    public school or post-secondary institution shall have twenty-five
296    (25) days to cure all actions relating to the violation.  The
297    respective board shall issue a formal final finding to the
298    complainant detailing found violation and the curative response
299    within twenty-five (25) days of the formal notice.  Should the
300    error remain uncured beyond the twenty-five (25) day curative
301    period, the aggrieved party may file an application for injunctive
302    relief to compel the board to cure the error.
303       (7)  (a)  Anyone aggrieved by a formal final finding of the
304    governing board is entitled to judicial review thereof, as
305    hereinafter provided.
306              (b)  An appeal de novo may be filed by an aggrieved
307    party in the chancery court of the judicial district in which the
308    institution, college, public school or charter school is located,
309    by filing a complaint with the clerk of that court within thirty
310    (30) days of the receipt of the formal final finding of the board.
311              (c)  The scope of review of the chancery court in such
312    cases shall determine if a violation of this act has occurred.
313              (d)  The appropriate chancery court may award relief in
314    the form of an injunction and/or actual damages.
```

315        (e)  Any party aggrieved by action of the chancery court
316 may appeal to the Supreme Court in the manner provided by law.
317    **SECTION 8.**  (1)  In addition to all other remedies provided
318 under this act, if a public school or public postsecondary
319 educational institution is determined, through final adjudication
320 of the administrative procedures process and exhaustion of all
321 judicial appeals, to be in violation of any provision of this act,
322 the State of Mississippi shall withhold the disbursement of the
323 following state funds if not cured within thirty (30) days of a
324 formal final finding upon the occurrence of any second or
325 subsequent violations of this act:
326        (a)  For public schools, any and all state funds
327 appropriated by the Legislature for the operation and
328 administration of K-12 education, as determined by the
329 disbursement of the state share of the total student funding
330 formula funds to the local school district in violation;
331        (b)  For state-supported public two-year and four-year
332 postsecondary educational institutions in violation, any and all
333 funds appropriated by the Legislature for the use, benefit,
334 support and maintenance of such institutions, as disbursed by:
335            (i)  The Mississippi Community College Board and
336 the applicable local board of trustees for the respective
337 community and junior colleges; and
338            (ii)  The Board of Trustees of State Institutions
339 of Higher Learning for public universities.

```
340          (2)  Withholding of funds shall remain in effect until such
341     time that the violating entity demonstrates full compliance with
342     the provisions of this act, as certified by the appropriate
343     governing authority and affirmed by the Attorney General or a
344     court of competent jurisdiction.
345          (3)  The governing board responsible for disbursement of
346     state funds to any school district or postsecondary institution
347     shall promulgate policies, subject to the Mississippi
348     Administrative Procedures Law, to establish a uniform process for
349     the implementation, enforcement and reinstatement of state funds
350     in accordance with this section.
351          SECTION 9.  (1)  (a)  If any person, parent or guardian of a
352     minor making a complaint under this act is aggrieved by the action
353     or inaction of the respective board, he or she may notify the
354     Attorney General of a violation or potential violation of this act
355     by a state institution of higher learning, community or junior
356     college, public school or charter school by forwarding the
357     Attorney General the complaint filed with the respective board
358     along with the decision of the board and any supporting
359     documentation.
360               (b)  After receipt of such notification, the Attorney
361     General may file an application for a writ of mandamus in the
362     chancery court of competent jurisdiction for injunctive relief
363     compelling the state institution of higher learning, community or
364     junior college, public school board or charter school governing
```

```
365   board to comply with this act if such entity has failed to cure
366   the error with the thirty-day curative period.  For purposes of
367   this section, chancery court of competent jurisdiction means the
368   chancery court located in the judicial district in which the state
369   institution of higher learning, community or junior college,
370   public school or charter school is located.
371        (2)  The appropriate chancery court may award relief in
372   the form of an injunction and/or actual damages.  Any party
373   aggrieved by action of the chancery court may appeal to the
374   Supreme Court in the manner provided by law.
375        SECTION 10.  If any section, paragraph, sentence, clause,
376   phrase or any part of this act is declared to be unconstitutional
377   or void, or if for any reason is declared to be invalid or of no
378   effect, the remaining sections, paragraphs, sentences, clauses or
379   phrases or parts thereof shall be in no manner affected thereby
380   but shall remain in full force and effect.
381        SECTION 11.  This act shall take effect and be in force from
382   and after its passage.
```

H. B. No. 1193                                    ~ OFFICIAL ~
25/HR31/R2069SG       ST:  Public K-12 and Postsecondary schools;
PAGE 16 (GT\JAB)           prohibit DEI statements and practices.