IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MISSISSIPPI ASSOCIATION OF
EDUCATORS, et al.**                                                                   **PLAINTIFFS**

**VS.**                                                        **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE
INSTUTIONS OF HIGHER LEARNING,
et al.**                                                                                            **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [ECF # 11]

### INTRODUCTION

This Court does not have jurisdiction to grant any relief in this case for two reasons. As detailed in the State Defendants' Motion to Dismiss, the State Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution. Alternatively, the Plaintiffs do not have standing[1] to bring the claims they assert here.

This case involves a challenge to the constitutionality of Miss. H.B. 1193 (the "Mississippi Law"), which has been in effect since April 17, 2025. The stated purpose of the law is to prohibit state-funded schools from discriminating on the basis of race, sex, national origin, or viewpoint. On its face, the Mississippi Law neither regulates nor punishes individual speech. Instead, it requires public schools at all levels to *safeguard* the rights of students, faculty, staff, and contractors, including their First Amendment rights.

---

[1] While the Board of Trustees of State Institutions of Higher Learning ("IHL") reserves the right to raise issues of standing in the response to Plaintiffs' motion for preliminary injunction, it does not join in the standing arguments raised in the present response in opposition to Plaintiffs' motion for a temporary restraining order.

1

The Plaintiffs here consist of: (1) a professional association of primary and secondary teachers; (2) a union representing employees of higher education employees; (3) two student organizations; (4) three college professors; (5) a community college librarian; (6) the mother of children in the Jackson Public School System; and (7) two law students. The State Defendants consist of four state agencies.

As will be discussed in the State Defendants' forthcoming response to the Plaintiffs' Motion for Preliminary Injunction (due by agreement on July 3, 2025), the Plaintiffs cannot meet their burden for injunctive relief on the merits. But the court need not even consider the substance of the Plaintiffs' motion as it has no jurisdiction over their claims.

For these reasons, the court lacks jurisdiction to grant any relief in this matter and must, therefore, deny the Plaintiffs' motion for a Temporary Restraining Order ("TRO").

## **BACKGROUND**

The Mississippi Law was signed into law and became effective on April 17, 2025. ECF# 11-14 at Section 11. ECF# 1 at ¶ 8. Section 1 provides:

> The purpose of this act is *to prohibit public schools and public postsecondary educational institutions from taking certain actions and engaging in discriminatory practices*. This act seeks to ensure that employment, academic opportunities and student engagement are based solely on individual merit, qualifications and academic performance, without consideration of an individual's race, sex, color, national origin, or expressed opposition to, or refusal to affirm or participate in, diversity, equity, or inclusion.

ECF# 11-14 at Section 1 (emphasis added). All prohibitions included in the Mississippi Law are aimed at educational institutions, not individuals. ECF# 11-14. It accomplishes this goal by prohibiting educational institutions from conditioning employment, admission, or the award of a contract on compulsory training that focuses on "race, sex, color, gender identity, sexual orientation, or national origin." ECF# 11-14 at Sections 2.(d), 3.(g), 3.(i). It further prohibits any

adverse action against an individual student, faculty member, employee, or contractor as a result of their opinions or beliefs regarding race, sex, color, gender identity, sexual orientation, or national origin (ECF# 11-14 at Sections 3.(d), 3.(e), 3.(h)) and prohibits programs/positions/offices to effectuate such discriminatory or adverse actions (ECF# 11-14 at Sections 3.(a), 3.(b), 3. (c), 3.(f)). Finally, the Mississippi Law provides a method for individuals to seek relief in the event they are subjected to discriminatory adverse actions by an institution. ECF# 11-14 at Sections 7-9.

On June 9, 2025, nearly two months after the Mississippi Law went into effect, Plaintiffs filed the present action against four state boards seeking injunctive relief barring enforcement of certain provisions of the Mississippi Law. ECF# 1. The Plaintiffs filed their Motion for Temporary Restraining Order and Preliminary Injunction at approximately 6:00 p.m. on June 18, 2025. ECF# 11, 12. An hour later, Plaintiffs emailed the Court asking for a hearing within days and acknowledging the proposed timeline would not allow sufficient time for the named State Defendants to file a substantive response. *See* Ex. A, June 18, 2025 emails. The Court's law clerk advised via email that a hearing on the Plaintiffs' request for a TRO would be set for Tuesday, June 24, 2025. *See* Ex. B, June 18, 2025 emails.

On June 19, 2025 counsel for the State Defendants conferred with Plaintiffs' counsel and reached an agreement that the TRO hearing would proceed as scheduled and the State Defendants would split their opposition to the motion with the response to the motion for TRO due on Monday, June 23, 2025, and the response to the motion for Preliminary Injunction due on Thursday, July 3, 2025. *See* Ex. B, June 19, 2025 emails. Consistent with the foregoing, the State Defendants file this response in opposition to Plaintiffs' motion for a temporary restraining order.

## ARGUMENT

A party seeking a TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Big Tyme Investments, L.L.C. v. Edwards*, 985 F.3d 456, 463-64 (5th Cir. 2021); *Clark v. Pritchard*, 812 F. 2d 991, 993 (5th Cir. 1987) ("The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.").

The four above-listed "requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order . . ." *Butler v. Jackson Police Dep't*, Civil Action No. 3:13CV82TSL-JMR, 2013 WL 6048164, at *2 (S.D. Miss. Nov. 14, 2013) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The burden is on the party seeking injunctive relief to establish all four elements. *Carlisle v. Elite Trucking Servs., LLC*, Civil No. 1:16-CV-257-JCG, 2016 WL 9223832, at *1 (S.D. Miss. Nov. 4, 2016). If the moving party "fails to carry its burden on any one of the four elements . . ., the Court must deny the request for injunctive relief." *Miller v. Miss. Res., LLC*, Civil Action No. 5:17-cv-41-DCB-MTP, 2017 WL 2772097, at *2 (S.D. Miss. June 26, 2017). The decision to grant a TRO "is to be treated as the exception rather than the rule." *RW Development, LLC v. Cunningham Group Architect, Inc.*, Civil Action No. 1:12-cv-00224, 2012WL 3258782 at *2 (S.D. Miss. Aug. 8, 2012). *See also Miss. Power & Light Co.*, 760 F.2d at 621.

Here, Plaintiffs cannot prevail on *any* of the elements because this Court lacks jurisdiction.

4

## I. THIS COURT LACKS JURISDICTION TO GRANT A TRO.

In any case, a federal court must have jurisdiction to grant relief. *See Steel CP. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citation omitted). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* at 94-95 (citation omitted).

This court lacks jurisdiction for two reasons. First, the State Defendants are arms of the State of Mississippi and, therefore, are shielded by State sovereign immunity under the Eleventh Amendment to the United States Constitution. Second, the Plaintiffs lack Article III standing[2] to raise the claims asserted in this action.

While there are other reasons why the Plaintiffs are unlikely to prevail on the substance of their claims that will be addressed in the State Defendants' response to Plaintiffs' motion for preliminary injunction, the court's jurisdiction presents a threshold issue that *must* be adjudicated prior to granting any relief, including a TRO. *See Ostrewich v. Tatum*, 72 F.4th 94, 100 (5th Cir. 2023), *cert. denied sub nom. Ostrewich v. Hudspeth*, 144 S. Ct. 570 (2024) (recognizing State sovereign immunity under the Eleventh Amendment as a "threshold" issue); *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) ("the State Defendants contend that the district court lacked subject matter jurisdiction because [plaintiff's] claims are barred by sovereign immunity. Accordingly, our analysis begins and ends with that threshold issue.").

---

[2] *See* note 1, *supra*.

### A. The State Defendants have State sovereign immunity under the Eleventh Amendment.

It is well established that "a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). *See also Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) (same); *McGarry v. Univ. of Miss. Med. Ctr.,* 355 Fed. App'x 853, 856 (5th Cir. 2009) (same). Unless an applicable exception applies, such entities "cannot be sued in federal court." *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 813 (S.D. Miss. 2006). *See also Hays v. LaForge*, 113 F. Supp. 3d 883, 891 (N.D. Miss. 2015).

The State Defendants have already been adjudicated "arms" of the State of Mississippi for the purpose of Eleventh Amendment sovereign immunity. *See Mackey v. Pigott*, Civil Action No. 3:23-CV-233-DPJ-FKB, 2023 WL 7663300, at *3 (S.D. Miss. Nov. 14, 2023) (finding the Mississippi Community College Board to be an "arm" of the State covered by Eleventh Amendment immunity); *See Holmes County Consol. Sch. Dist. v. Miss. Dep't of Educ.*, Civil Action No. 3:21-CV-508-DPJ-FKB, 2022 WL 178832, at *2 (S.D. Miss. Jan. 19, 2022) (finding the Mississippi State Board of Education an "arm" of the State); *Henry v. Clarksdale Separate Mun. Sch. Dist.*, Civil Action No. 2:64cv28-MPM, 2017 WL 4701050, at *3 (N.D. Miss. Oct. 19, 2017) (recognizing that State entities implicated in dispute involving creation of charter school would be subject to Eleventh Amendment protections); *Seay v. Inst. of Higher Learning*, No. 3:20-CV-265-DMB-RP, 2021 WL 3008595, at *3 (N.D. Miss. July 15, 2021) ("There is no doubt that . . . the IHL Board [is an] arm[] of the state entitled to sovereign immunity."); *Thomas v. Univ. of Mississippi*, Civil No. 3:18-cv-00062-GHD-RP, 2018 WL 6613807, at *2 (N.D. Miss. Dec. 17, 2018) (reaffirming that IHL Board "is considered an arm of the state for Eleventh Amendment

6

purposes"); *Jackson v. Duff*, Civil Action Nos. 3:23-CV-3095-KHJ-MTP, 3:24-cv-00308-KHJ-MTP, 2025 WL 35981, at *4 (S.D. Miss. Jan. 6, 2025) (same).

Moreover, for the reasons discussed in the State Defendants' Memorandum of Authorities in Support of their Motion to Dismiss filed simultaneously with this memorandum and incorporated here by reference, none of the recognized exceptions to Eleventh Amendment sovereign immunity applies to salvage Plaintiffs' claims. Because the State Defendants enjoy sovereign immunity under the Eleventh Amendment, this Court is without jurisdiction to grant any form of injunctive relief against them, including a TRO. As such, this Court need not and should not reach the merits.

## B. The Plaintiffs do not have standing.[3]

Standing is an "essential component[] of federal subject-matter jurisdiction." *In re Jillian Morrison, L.L.C.,* 482 Fed.Appx. 872, 875 (5th Cir. 2012). Injunctive relief, "like final relief, cannot be requested by a plaintiff who lacks standing to sue." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 329 (5th Cir. 2020), *as revised* (Oct. 30, 2020). By requesting a TRO from this Court, Plaintiffs assumed the burden of establishing that they have standing to receive the requested relief. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

To establish standing, the Plaintiffs must show that their claimed injuries are both traceable to the State Defendants and the relief sought will redress those injuries. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Traceability and redressability are "indispensable part[s]" of a plaintiff's case. *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023) (internal quotation marks omitted). Redressability "is 'closely related' to traceability, and the two prongs often overlap." *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 142 (3d Cir. 2009).

---

[3] *See* note 1, *supra*.

As demonstrated in the State Defendants' Memorandum in Support of Motion to Dismiss, an injury is not "fairly traceable" to a defendant for the purposes of standing if the injury "'depends on the unfettered choices made by independent actors not before the court and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict[.]'" *Reule v. Jackson*, 114 F.4th 360, 367 (5th Cir. 2024) (quoting *Lujan*, 504 U.S. at 562). "The Supreme Court is 'reluctan[t] to endorse standing theories that rest on speculation about the decisions of independent actors.'" *Daves v. Dallas County, Tex.*, 22 F.4th 522, 543 (5th Cir. 2022) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)).

Here, the only potential harms alleged by the Plaintiffs would flow (if they happen at all) from individual institutions, none of which is a party to this case. As such, the alleged harms the Plaintiffs seek to prevent with injunctive relief are not "fairly traceable" to the State Defendants.

Even if the Plaintiffs could establish traceability (and they cannot), a TRO or any other form of injunctive relief would do nothing to redress the injuries claimed. "To satisfy redressability, a plaintiff must show that it is *likely*, as opposed to merely *speculative*, that the injury will be redressed by a favorable decision." *Reule*, 114 F.4th at 368 (italics in original). "The relief sought needn't completely cure the injury, however; it's enough if the desired relief would lessen it." *Dobbin Plantersville Water Supply Corp. v. Lake*, 108 F.4th 320, 326 (5th Cir. 2024) (internal quotation marks omitted). "But '[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)).

The Mississippi Law does not direct or empower the State Defendants to take any action against individuals. Rather, it requires these State Defendants to ensure *institutional* compliance with its requirements. Fears of what institutions not joined as defendants *might* do to comply with

8

the Mississippi Law form the crux of Plaintiffs' claims. The Plaintiffs have not and cannot establish traceability and redressability.

As such, they are unable to demonstrate a substantial likelihood that they will succeed on the merits. For this reason, alone, this Court must deny the Plaintiffs' request for a TRO.

## II. PLAINTIFFS CANNOT SATISFY REMAINING REQUIRED TRO ELEMENTS.[4]

The second element Plaintiffs must prove is that the TRO is necessary to prevent an irreparable harm. *See Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 574 (5th Cir. 1974). Because Plaintiffs cannot succeed on the merits, they cannot show irreparable harm as a matter of law. *See Barrett v. Roberts*, 551 F.2d 662, 669 (5th Cir. 1977) ("[W]e affirm the district court's conclusion that the appellant failed to show a likelihood of success on the merits . . . As a result, we reject appellant's contention that she has suffered irreparable harm as a matter of law.").

As to the remaining elements, the balance of the equities and the public interest "merge when the Government is the opposing party." *Pacharne v. Dept. of Homeland Security*, 565 F. Supp. 3d 785, 802 (N.D. Miss. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)) (internal quotation marks omitted). "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Robinson v. Ardoin*, 37 F.4th 208, 227 (5th Cir. 2022) (internal quotation marks omitted). *See also Texas Democratic Party v. Abbott*, 961 F.3d 389, 411 (5th Cir. 2020) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.") (internal quotation marks omitted). Here, the Mississippi Law was enacted by elected

---

[4] Given the abbreviated timeline for responding to the Plaintiffs' request for a TRO and the impact of the State Defendants' Eleventh Amendment immunity, the discussion of the remaining elements is abbreviated in this memorandum. State Defendants intend to address all four of the preliminary injunction elements in greater detail in their full response to Plaintiffs' motion for preliminary injunction.

officials to prevent discrimination against Mississippians. The TRO would thwart that goal and, therefore, constitutes irreparable harm to the public interest.

Because the Plaintiffs cannot meet all four of the necessary elements discussed above, the court must deny the TRO.

**III. ALTERNATIVELY, THE SCOPE OF ANY TRO SHOULD BE LIMITED.**

The United States Constitution mandates that injunctive relief must be "tailored to redress" a "particular injury." *Gill v. Whitford*, 585 U.S. 48, 73 (2018). And equity requires that injunctive relief be no broader than "necessary to provide complete relief *to the plaintiffs*." *See Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (internal quotation marks omitted) (emphasis added). "The purpose of a preliminary injunction is always to prevent irreparable injury." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

It is well settled that "the scope of injunctive relief is dictated by the extent of the violation established," and that a "court must narrowly tailor an injunction to remedy the specific action which gives rise to the order." *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 478 n.39 (5th Cir. 2020) (internal quotation marks omitted). An injunction cannot "encompass more conduct than was requested or exceed the legal basis of the lawsuit." *Scott v. Schedler*, 826 F.3d 207, 214 (5th Cir. 2016). *See also E.T. v. Paxton*, 19 F.4th 760, 769 (5th Cir. 2021) (same). Generally, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Lion Health Servs., Inc. v. Sebelius*, 635 F.3d 693, 703 (5th Cir. 2011) (internal quotation marks omitted). As a matter of law pursuant to FRCP 65, a preliminary injunction is *only* binding upon the parties; their respective officers, agents, employees, and attorneys; and those acting in concert with them. Fed. R. Civ. P. 65(d)(2).

If this Court grants a TRO (and it should not) its order should be limited to the named plaintiffs. This is not a class action, nor do the Plaintiffs seek to make it one. Moreover, the Plaintiffs are not entitled to relief against governmental entities they chose to omit from this proceeding. Any TRO should be narrowly tailored to enjoin enforcement of the Mississippi Law against the Plaintiffs by the State Defendants. It should *not* be so broad as to apply to non-parties. Any broader TRO would exceed the bounds of this Court's jurisdiction under Article III and the limitations of equitable relief.

## CONCLUSION

For all these reasons, the Court should deny Plaintiff's motion for a TRO (ECF# 11) outright for lack of subject-matter jurisdiction predicated on Eleventh Amendment sovereign immunity or, alternatively, lack of Article III standing.

THIS the 23rd day of June, 2025.

Respectfully submitted,

BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, MISSISSIPPI COMMUNITY COLLEGE BOARD, MISSISSIPPI STATE BOARD OF EDUCATION, AND MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD, STATE DEFENDANTS

By:   LYNN FITCH, ATTORNEY GENERAL
      STATE OF MISSISSIPPI

By:   s/Lisa A. Reppeto
      LISA A. REPPETO(MSB #99978)
      Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR STATE DEFENDANTS BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, MISSISSIPPI COMMUNITY COLLEGE BOARD, MISSISSIPPI STATE BOARD OF EDUCATION, AND MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD

## **CERTIFICATE OF SERVICE**

    I, Lisa A. Reppeto, Special Assistant Attorney General and attorney for the above-named State Defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

    THIS the ____ day of June, 2025.

                                            s/ Lisa A. Reppeto
                                            LISA A. REPPETO