**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MISSISSIPPI ASSOCIATION OF**
**EDUCATORS,  ET AL.**                                                              **PLAINTIFFS**

**VS.**                                                  **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE**
**INSTITUTIONS OF HIGHER LEARNING, ET AL.**                         **DEFENDANTS**

---

**SEPARATE ANSWER AND DEFENSES OF IHL BOARD MEMBER**
**DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT FOR**
**INJUNCTIVE AND DECLARATORY RELIEF**

---

Defendants Gee Ogletree, in his official capacity as President of the Board of Trustees of State Institutions of Higher Learning, and Steven Cunningham, Amy Arrington, Donald Clark, Jr., Ormella Cummings, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Hal Parker, Gregg Rader, and Charlie Stephenson, all in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning (collectively "Defendants"), by and through counsel, file this their Separate Answer and Defenses to the Amended Complaint for Injunctive and Declaratory Relief ("Amended Complaint") [ECF #22] filed against them by Plaintiffs Mississippi Association of Educators, Barbara Philips, James Thomas, Dawn Zimmerer, L.E. Jibol, United Campus Workers Southeast Local 3821, Madisyn Donley, Alexis Cobbs, Karen Aderer, Fostering LGBTQ+ Advocacy, Resources, Environments, and Women in Science and Engineering (collectively "Plaintiffs") herein, as follows:

**FIRST DEFENSE**

Plaintiffs' Amended Complaint should be dismissed in whole or in part for lack of subject-matter jurisdiction.

1

## SECOND DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against Defendants upon which relief can be granted, and Defendants move for dismissal.

## THIRD DEFENSE

Defendants allege that some or all of Plaintiffs' claims are barred by a lack of standing.

## FOURTH DEFENSE

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Tenth and Eleventh Amendments to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

## FIFTH DEFENSE

The relief that Plaintiffs request is against the public interest.

## SIXTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Amended Complaint paragraph by paragraph, Defendants answer and allege as follows:

1. Except to state that the law, where applicable, will speak for itself, and except to further state that legislative history, as determined from accurate sources and where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint.

6.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint.

7.      Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendants admit that House Bill 1193 took effect upon the Governor's signature on April 17, 2025.  Defendants deny that House Bill 1193 violates Plaintiffs' constitutional rights. The remaining allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the remaining allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then except to state that the law, where applicable, will speak for itself, Defendants deny all such allegations.

9.      Defendants deny that this Court has subject-matter jurisdiction over all claims asserted in Plaintiffs' Amended Complaint.

10.      Except to state that this Court has personal jurisdiction over Defendants in this case, Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11.      Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint and therefore deny the same.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint and therefore deny the same.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint and therefore deny the same.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint and therefore deny the same.

16.    Defendants admit, on information and belief, that Plaintiff Barbara Phillips is an Adjunct Professor of Law at the University of Mississippi School of Law in Oxford, Mississippi.

17.    Defendants admit, on information and belief, that Plaintiff James Thomas is an Associate Professor of Sociology at the University of Mississippi in Oxford, Mississippi.

18.    Defendants admit, on information and belief, that Plaintiff Karen Aderer is a Lecturer in Social Work at the University of Southern Mississippi in Hattiesburg, Mississippi.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint and therefore deny the same.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint and therefore deny the same.

23.     Except to state that the law governing the creation, functions, and responsibilities of the Board of Trustees of State Institutions of Higher Learning, where applicable, will speak for itself, and except to further state that the Board of Trustees of State Institutions of Higher Learning has been dismissed by stipulation and is no longer a defendant in this lawsuit, Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

24.     Except to state that the law governing the constitution and functions of the Mississippi Community College Board, where applicable, will speak for itself, and except to further state that the Mississippi Community College Board has been dismissed by stipulation and is no longer a defendant in this lawsuit, Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Except to state that the law governing the constitution and functions of the Mississippi State Board of Education, where applicable, will speak for itself, and except to further state that the Mississippi State Board of Education has been dismissed by stipulation and is no

longer a defendant in this lawsuit, Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint.

26.    Except to state that the law governing the constitution, jurisdiction, and functions of the Mississippi Charter School Authorizer Board, where applicable, will speak for itself, and except to further state that the Mississippi Charter School Authorizer Board has been dismissed by stipulation and is no longer a defendant in this lawsuit, Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint.

27.    Defendants admit that Lynn Fitch is the Attorney General of Mississippi.

28.    Defendants admit the allegations contained in the first sentence of Paragraph 28 of Plaintiffs' Amended Complaint.  Plaintiffs' representation that the defendants identified in Paragraph 28 of their Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.

29.    Defendants admit, on information and belief, the allegations contained in the first sentence of Paragraph 29 of Plaintiffs' Amended Complaint.  Plaintiffs' representation that the defendants identified in Paragraph 29 of their Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.

30.    Defendants admit, on information and belief, the allegations contained in the first sentence of Paragraph 30 of Plaintiffs' Amended Complaint.  Plaintiffs' representation that the defendants identified in Paragraph 30 of their Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.

31.    Defendants admit, on information and belief, the allegations contained in the first sentence of Paragraph 31 of Plaintiffs' Amended Complaint.  Plaintiffs' representation that the

defendants identified in Paragraph 31 of their Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.

32.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in the first three sentences of Paragraph 32 of Plaintiffs' Amended Complaint.  The allegations contained in the fourth sentence of Paragraph 32 Plaintiffs' Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the fourth sentence of Paragraph 32 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

33.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

34.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint.

35.    The allegations contained in the first sentence of Paragraph 35 Plaintiffs' Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 35 of Plaintiffs' Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint.

36.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint.

37.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint.

38.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint.

42.     Except to state that the law, where applicable, will speak for itself, and except to further state that history and sociology, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint.

43.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint.

44.     Except to state that the law, where applicable, will speak for itself, and except to further state that history and sociology, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     Except to state that the law, where applicable, will speak for itself, and except to further state that history, sociology, and philosophy, as determined from accurate sources and

where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.    Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint.

51.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint.

53.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Amended Complaint.

54.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint.

55.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint.

56.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Amended Complaint.

57.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Amended Complaint.

58.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint.

59.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint.

60.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Amended Complaint.

61.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Amended Complaint.

62.     Defendants admit that in an effort to ensure that it did not violate H.B. 1193, the University of Mississippi withheld funding for the 2025 Oxford Pride Parade.  Defendants admit, on information and belief, that the University of Mississippi was first affiliated with the Oxford Pride Parade during or around 2016.  Defendants deny the remaining allegations contained in Paragraph 62 of Plaintiffs' Amended Complaint.

63.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Amended Complaint.

64.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint.

65.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Amended Complaint.

66.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint.

67.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint.

68.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint.

69.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Amended Complaint.

70.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Amended Complaint.

71.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Amended Complaint.

72.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Amended Complaint.

73.    Defendants admit that all institutions of higher learning governed by the Board of Trustees of State Institutions of Higher Learning are accredited by the Southern Association of Colleges and Schools Commission on Colleges ("SACSCOC").  Except to state that the SACSCOC manual quoted in Paragraph 73 of Plaintiffs' Amended Complaint, where applicable, will speak for itself in terms of its contents, and except to further state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 73 of Plaintiffs' Amended Complaint.

74.    Defendants admit that the University of Mississippi School of Law is accredited by the American Bar Association ("ABA") and that this accreditation involves compliance with the

ABA's Standards and Rules of Procedure.  Except to state that the ABA Standard quoted in Paragraph 74 of Plaintiffs' Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants deny the remaining allegations contained in Paragraph 74 of Plaintiffs' Amended Complaint.

75.    Except to state that the ABA Standard quoted in Paragraph 75 of Plaintiffs' Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Amended Complaint.

76.    Except to state that the ABA Standard quoted in Paragraph 76 of Plaintiffs' Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Amended Complaint.

77.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint.

78.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Amended Complaint.

79.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Amended Complaint.

80.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Amended Complaint.

81.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Amended Complaint.

82.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Amended Complaint.

83.    To the extent the allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint reflect Plaintiffs' speculation about what "will" occur in the future, those allegations are statements of conjecture and as such require no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 83 of Plaintiffs' Amended Complaint.

84.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Amended Complaint.

85.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Amended Complaint.

86.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Amended Complaint.

87.    To the extent the allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint reflect Plaintiffs' speculation about what "would" or "would likely" occur in the future, those allegations are statements of conjecture and as such require no response from Defendants. Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 87 of Plaintiffs' Amended Complaint.

88.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Amended Complaint.

89.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint and therefore deny the same.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint and therefore deny the same.

91.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint and therefore deny the same.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint and therefore deny the same.

93.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiffs' Amended Complaint and therefore deny the same.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint and therefore deny the same.

95.     Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiffs' Amended Complaint and therefore deny the same.

96.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 96 of Plaintiffs' Amended Complaint.

97.     Defendants deny that H.B. 1193 will result in any student "receiv[ing] an inferior education" or being "less prepared than students from other states" as alleged in Paragraph 97 of Plaintiffs' Amended Complaint.  Except to state that the law, where applicable, will speak for itself,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 of Plaintiffs' Amended Complaint and therefore deny the same.

98.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint and therefore deny the same.

99.    Defendants admit that FLARE was transitioned from a sponsored student organization to a registered student organization as a result of Mississippi State University officials' belief about the requirements of H.B. 1193.  Defendants admit that as a result of this transition, FLARE no longer receives departmental funding from Mississippi State University.  Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint and therefore deny the same.

100.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Amended Complaint and therefore deny the same.

101.    To the extent the allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint reflect Plaintiffs' speculation about what "may" occur in the future, those allegations are statements of conjecture and as such require no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint.

102.    Defendants deny the allegations contained in the first sentence of Paragraph 102 of Plaintiffs' Amended Complaint.  Except to state that the law, where applicable, will speak for itself,

Defendants deny the allegations contained in the second sentence of Paragraph 102 of Plaintiffs' Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 102 of Plaintiffs' Amended Complaint and therefore deny the same.  Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph 102 of Plaintiffs' Amended Complaint and therefore deny the same.

103.    Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint.

104.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' Amended Complaint.

105.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint.

106.    To the extent the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint are directed to others, they require no response from Defendants.  To the extent the allegations contained in Paragraph 106 of Plaintiffs' Amended Complaint are directed to Defendants, then except to state that Defendants are members of the Board of Trustees of State Institutions of Higher Learning, and except to further state that the law, where applicable, will speak for itself, Defendants deny all such allegations.

107.    To the extent the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint are directed to others, they require no response from Defendants.  To the extent the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint are directed to

Defendants, then except to state that the law, where applicable, will speak for itself, Defendants deny all such allegations.

**Count One**

108.    Defendants deny the allegations contained in Paragraph 108 of Plaintiffs' Amended Complaint.

109.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint.

110.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Amended Complaint.

**Count Two**

112.    Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint.

113.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 113 of Plaintiffs' Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of Plaintiffs' Amended Complaint.

**Count Three**

115.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 115 of Plaintiffs' Amended Complaint.

116.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 116 of Plaintiffs' Amended Complaint.

117.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 117 of Plaintiffs' Amended Complaint.

118.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Amended Complaint.

## Count Four

121.    Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Amended Complaint.

## Count Five

122.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint.

## Count Six

123.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Amended Complaint.

Defendants deny the allegations contained in the unnumbered paragraph and Sub-paragraphs 1. through 4. thereunder, following Paragraph 123 of Plaintiffs' Amended Complaint under the heading "RELIEF" and commencing "Plaintiffs request the following," and Defendants further deny that Plaintiffs, or anyone, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, costs, or interest, or to any sum or relief whatsoever of, from, or against Defendants, or any of them, herein.

## SEVENTH DEFENSE

Defendants deny each and every allegation of Plaintiffs' Amended Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

## EIGHTH DEFENSE

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## NINTH DEFENSE

Plaintiffs' Amended Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## TENTH DEFENSE

Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

## ELEVENTH DEFENSE

To the extent Plaintiffs seek a temporary restraining order or preliminary injunctive relief, Defendants affirmatively plead the doctrine of unclean hands in bar of Plaintiffs' claims.

## TWELFTH DEFENSE

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendants do not waive, and further reserve, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of*

*Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Amended Complaint filed against them herein, Defendants Gee Ogletree, in his official capacity as President of the Board of Trustees of State Institutions of Higher Learning, and Steven Cunningham, Amy Arrington, Donald Clark, Jr., Ormella Cummings, Jerry L. Griffith, Jimmy Heidelberg, Teresa Hubbard, Bruce Martin, Hal Parker, Gregg Rader, and Charlie Stephenson, all in their official capacities as Members of the Board of Trustees of State Institutions of Higher Learning, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 14th day of July, 2025.

Respectfully submitted,

GEE OGLETREE, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; AND STEVEN CUNNINGHAM, AMY ARRINGTON, DONALD CLARK, JR., ORMELLA CUMMINGS, JERRY L. GRIFFITH, JIMMY HEIDELBERG, TERESA HUBBARD, BRUCE MARTIN, HAL PARKER, GREGG RADER, AND CHARLIE STEPHENSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
       REX M. SHANNON III (MSB #102974)
       Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI

20

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS GEE OGLETREE, IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER
LEARNING; AND STEVEN CUNNINGHAM, AMY ARRINGTON, DONALD CLARK, JR.,
ORMELLA CUMMINGS, JERRY L. GRIFFITH, JIMMY HEIDELBERG, TERESA
HUBBARD, BRUCE MARTIN, HAL PARKER, GREGG RADER, AND CHARLIE
STEPHENSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD
OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-
named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the
Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which
sent notification of such filing to all counsel of record.

THIS the 14th day of July, 2025.

s/Rex M. Shannon III
REX M. SHANNON III