**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MISSISSIPPI ASSOCIATION OF
EDUCATORS,  ET AL.**                                                    **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING, ET AL.**                  **DEFENDANTS**

## DEFENDANTS' UNOPPOSED MOTION TO CLARIFY OR CORRECT ORDER GRANTING TEMPORARY RESTRAINING ORDER [ECF #51]

All Defendants, by and through counsel, pursuant to Rules 52(b) and/or 59(e), *Federal Rules of Civil Procedure*, file this their motion to clarify or correct the Order Granting Temporary Restraining Order [ECF #51] entered July 20, 2025, and in support thereof would show unto the Court the following:

1.     The Court should clarify or correct the Order Granting Temporary Restraining Order ("TRO Order") [ECF #51] entered July 20, 2025, to address apparent indisputable factual inaccuracies confirmable by reference to this Court's docket.

2.     On July 20, 2025, the Court entered its 17-page TRO Order granting Plaintiffs' motion for a temporary restraining order and directing that "[t]he State of Mississippi and the above-named Defendants are temporarily ENJOINED from enforcing Sections 3(b), 3(f), 3(g), and 3(i) of HB 1193 pending further order of this Court."  ECF #51 at 16 (caps in original).

3.     The TRO Order identifies incorrect plaintiffs and defendants; recites allegations that do not appear in the operative complaint and/or are not supported by record evidence; identifies, as quoted excerpts, certain terms that do not appear in the language of H.B. 1193; and

1

relies upon the purported declaration testimony of four individuals whose declarations do not appear in the record for this case. While reserving their right to contest and/or appeal any other factual findings and/or legal conclusions presented in the TRO Order at the appropriate time, Defendants do not hereby seek to dissolve the TRO but respectfully request that the Court take appropriate steps to clarify or correct the following apparent and indisputable factual inaccuracies contained in the TRO Order:

      a.    The TRO Order states that "[t]he Amended Complaint names the following Plaintiffs": "Mississippi Association of Educators (MAE)"; "Dr. Daphne Chamberlain – faculty member at Tougaloo College"; "Dr. Robert Luckett – faculty member at Jackson State University"; "Dr. Brian Pugh - executive director of the Stennis Institute of Government at Mississippi State University"; "Z. Luckett – parent of public school children in Mississippi"; "Mississippi Votes – a nonprofit organization focused on civic engagement"; "Black Student Union at Jackson State University"; "Spectrum – a student organization at Jackson State University representing LGBTQ+ students"; "Aidan Carr – student at Millsaps College"; "Christopher Brent – student at Jackson State University"; "Mississippi Library Association"; and "Delta Sigma Theta Sorority, Inc. – Mississippi Chapters." ECF #51 at 1, n.1. As confirmed by this Court's docket, of the parties identified in footnote 1 of the TRO Order as "Plaintiffs," only one—*viz.*, Mississippi Association of Educators[1]—is or has ever been a named plaintiff in this case. *See* ECF #1, #22.

      b.    At two locations in the TRO Order, the "Commissioner of Higher Education" and the "State Superintendent of Education" are identified as defendants in

---

[1] On July 11, 2025, Plaintiff Mississippi Association of Educators filed a motion to be removed as a plaintiff. ECF #45. That motion is unopposed and remains pending.

their official capacities.  ECF #51 at 5-6.  As confirmed by this Court's docket, neither official is or has ever been a named defendant in this case.[2]  *See* ECF #1, #22.

      c.     The TRO Order states that the First Amended Complaint names as "specific institutional impacts" the "cessation of DEI offices and initiatives at Jackson State University, Alcorn State University, and Hinds Community College" and "cancellation of implicit bias and Safe Zone training."  ECF #51 at 4.  None of these allegations appears in the Amended Complaint.  *See* ECF #22.

      d.     The TRO Order further states that "[a]t least three public institutions—Jackson State University, Alcorn State University, and Hinds Community College—allegedly already have terminated DEI initiatives and cancelled scheduled programming."  ECF #51 at 7-8.  No such allegations appear in the Amended Complaint, and Defendants have not identified any record evidence supporting this finding.

      e.     Similarly, the TRO Order states that "[a]t Jackson State University, faculty members have been instructed not to discuss gender theory or historical interpretations involving systemic racism," and that "Hinds Community College has cancelled Safe Zone training previously mandatory for staff, and faculty members report confusion over whether discussing concepts such as intersectionality or implicit bias violates HB 1193."

---

[2] This Court may take judicial notice that the incumbent Commissioner of Higher Education is Dr. Al Rankins, Jr. (https://www.mississippi.edu/about/commissioner-ihl) and the incumbent State Superintendent of Education is Dr. Lance Evans (https://mdek12.org/superintendent/).  Dr. Rankins has never been named as a defendant in this case, in his official capacity as Commissioner of Higher Education or otherwise.  Dr. Evans is named as a defendant in his official capacity as a member of the Mississippi State Board of Education, but he has never been sued in this case in his official capacity as State Superintendent of Education.  *See* ECF #22 at 8, ¶ 30.

ECF #51 at 12. No such allegations appear in the Amended Complaint, and Defendants have not identified any record evidence supporting these findings.

  f.  The TRO Order further states that H.B. 1193 prohibits the dissemination, endorsement, or engagement with "race or sex stereotyping," "race or sex scapegoating," and "critical race theory," all three terms being referenced in the TRO Order with quotation marks, as if excerpted verbatim from H.B. 1193. *Id.* at 9. However, none of these quoted terms appears in the text of H.B. 1193. *See* ECF #11-14.

  g.  Similarly, the TRO Order elsewhere states that H.B. 1193 contains undefined terms such as "critical race theory" and "institutional bias," both being referenced in the TRO Order with quotation marks, as if excerpted verbatim from H.B. 1193. ECF #51 at 11. Yet neither of these terms appears in the text of H.B. 1193. *See* ECF #11-14.

  h.  Finally, as support for the Court's ruling, the TRO Order references the declarations of four individuals identified as Brandy Williams, Leslie-Burl McLemore, Dr. Rhea Bishop, and Natalie Collier. ECF #51 at 14-15. The TRO Order identifies ECF #11-1, #11-2, #11-3, and #11-4, respectively, as the source of these declarations. *See* ECF #51 at 14-15, nn.13-16. But those record citations in fact reflect the declarations of others who are not referenced in the TRO Order (namely, Carmen Dunn, Barbara Phillips, D'Andra Orey, and Cliff Johnson, respectively), which declarations contain content that is substantively different from the content referenced in the TRO Order. In fact, the four aforementioned declarations referenced in the TRO Order do not appear in this record at all.

4.      To ensure that the TRO Order does not contain erroneous information, Defendants request that the Court take appropriate steps to clarify or correct the aforementioned factual inaccuracies, all of which may be verified by reference to this Court's docket.

5.      Given the straightforward nature of the relief requested in this motion, Defendants request that the requirement of the filing of a separate memorandum of authorities be waived.

6.      Defense counsel has conferred with counsel opposite to ascertain Plaintiffs' position on the instant motion, and Plaintiffs' counsel has represented that the motion is unopposed.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court make and enter its Order granting Defendant's motion to clarify or correct the Order Granting Temporary Restraining Order [ECF #51] entered July 20, 2025, consistent with the foregoing.

THIS the 22nd day of July, 2025.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI;
GEE OGLETREE, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE BOARD OF
TRUSTEES OF STATE INSTITUTIONS OF
HIGHER LEARNING; STEVEN CUNNINGHAM,
AMY ARRINGTON, DONALD CLARK, JR.,
ORMELLA CUMMINGS, JERRY L. GRIFFITH,
JIMMY HEIDELBERG, TERESA HUBBARD,
BRUCE MARTIN, HAL PARKER, GREGG
RADER, AND CHARLIE STEPHENSON, ALL
IN THEIR OFFICIAL CAPACITIES AS
MEMBERS OF THE BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER
LEARNING; JOHN PIGOTT, IN HIS OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
COMMUNITY COLLEGE BOARD; CHERYL
THURMOND, VIDET CARMICHAEL, DONNIE

CAUGHMAN, BUBBA HUDSPETH, DOLLY
MARASCALCO, JOHNNY MCRIGHT, LUKE
MONTGOMERY, WILL SYMMES, AND
DIANNE WATSON, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI COMMUNITY COLLEGE BOARD;
GLEN EAST, IN HIS OFFICIAL CAPACITY AS
CHAIR OF THE MISSISSIPPI STATE BOARD
OF EDUCATION; MATT MILLER, LANCE
EVANS, WENDI BARRETT, MATT MAYO,
BILL JACOBS, RONNIE MCGEHEE, MIKE
PRUITT, BILLYE JEAN STROUD, AND MARY
WERNER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI STATE BOARD OF EDUCATION;
MARCY SCOGGINS, IN HER OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
CHARTER SCHOOL AUTHORIZER BOARD;
AND JAY CARNEY, SANDRA MCKIERNON,
ERIN MEYER, BEN MORGAN, CANDACE
ROBINS, AND JENNIFER JACKSON
WHITTIER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI CHARTER SCHOOL
AUTHORIZER BOARD, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
       REX M. SHANNON III (MSB #102974)
       Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 22nd day of July, 2025.

s/Rex M. Shannon III
REX M. SHANNON III
