IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MISSISSIPPI ASSOCIATION OF**
**EDUCATORS, ET AL.**                                                              **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE**
**INSTITUTIONS OF HIGHER LEARNING, ET AL.**                    **DEFENDANTS**

**REPLY IN FURTHER SUPPORT OF NON-IHL DEFENDANTS' AND ATTORNEY GENERAL'S MOTION TO DISMISS AMENDED COMPLAINT [ECF #22] FOR LACK OF SUBJECT-MATTER JURISDICTION**

**INTRODUCTION**

Plaintiffs have not overcome certain jurisdictional defects set forth in the motion to dismiss [ECF #39] filed by the Non-IHL Defendants[1] and the Attorney General. Specifically, Plaintiffs concede that they lack standing to sue the Mississippi Charter School Authorizer Board defendants ("MCSAB Board Member Defendants"[2]). Further, Plaintiff United Campus Workers Southeast Local 3821 ("UCW") concedes that it lacks organizational standing yet fails to demonstrate that it has associational standing. Finally, Plaintiffs do not dispute that their claims against the Attorney General are barred by Eleventh Amendment sovereign immunity unless the *Ex parte Young* exception applies, yet they fail to establish requisite elements for its application.

For these reasons and those set forth herein, the Court should dismiss all claims asserted against the MCSAB Board Member Defendants; dismiss all claims asserted by Plaintiff UCW; and dismiss all claims asserted against the Attorney General.

---

[1] *See* ECF #40 at note 2.
[2] *See supra*, note 1.

1

**ARGUMENT**

I. **PLAINTIFFS CONCEDE THAT THEY LACK STANDING TO SUE THE MCSAB BOARD MEMBER DEFENDANTS.**

Plaintiffs do not present any argument, authorities, or opposition to the motion to dismiss the MCSAB Board Member Defendants for lack of Article III standing. Plaintiffs state that "[b]ecause the Plaintiffs do not include a student or educator in a charter school, the Plaintiffs have no objection to the dismissal [without prejudice] of the members of the Mississippi Charter School Authorizer Board ("MCSAB")." MEC #49 at 10. Accordingly, the Court should dismiss all claims asserted against the MCSAB Board Member Defendants without prejudice and dismiss those defendants from this lawsuit.

II. **PLAINTIFF UCW FAILS TO DEMONSTRATE THAT IT HAS STANDING TO SUE ANY DEFENDANT.**

UCW does not dispute that it lacks organizational standing. Rather, UCW asserts that it has associational standing. But UCW's assertion of associational standing fails because it has not shown that any part of its mission is related to enforcing its members' First and/or Fourteenth Amendment rights.

*First*, UCW argues that it has associational standing because the defendants "fundamentally misunderstand[ ] the nature of a labor organization." ECF #49 at 10. Characterizing itself as "a First Amendment association," UCW cites *Hitt v. Connell*, 301 F.3d 240 (5th Cir. 2002), for the proposition that "the First Amendment protects a public employee's right to associate with a union." ECF #49 at 10. But the constitutional derivation of a right to associate with a union has no bearing on a given union's *purpose*. The federal courts in *Fervier* and *Land* (discussed in the defendants' memorandum of authorities, see ECF #40 at 22, and not addressed at all in Plaintiffs' response) did not merely presume that an organization's purpose—by virtue of the

2

organization being a union—is to represent any particular rights of its members. Neither should this Court.

*Second*, UCW references a link on its website promoting a "Faculty Advocacy Network" that provides "a space for UCW faculty of all stripes to convene and strategize for change on the issues that impact us all: academic freedom, tenure and job security, costs of education, public education funding and finance, shared governance, and more." ECF #49 at 11, n.2 (internal quotation marks omitted). To the extent the Court may consider this link at all in ruling on this facial attack on standing, it merely establishes a forum for discussion. It does not speak to UCW's purpose as an organization. Nor does it demonstrate that any part of UCW's mission involves litigating to vindicate perceived violations of its members' constitutional rights.

*Third*, UCW argues that part of its mission is protecting its members from "arbitrary and capricious collective punishment" as employees having a "property interest" in their jobs as educators. ECF #49 at 11. But Plaintiffs' Amended Complaint contains no allegations of "collective punishment" or any alleged chilling of speech or self-censorship predicated on any fear of "collective punishment." Nor has UCW shown or even alleged that it is a party to any collective bargaining agreement with any educational institution in Mississippi.

UCW has not demonstrated that this lawsuit has anything to do with its mission as an organization. If anything, preventing discrimination in education would seem to be more in line with an academic union's mission than attacking a law aimed at preventing discrimination. Having failed to show that it seeks to vindicate any interests germane to its purpose, UCW fails to establish associational standing. For all these reasons, UCW lacks standing to sue any defendant. Therefore, this Court lacks subject-matter jurisdiction as to all claims asserted by UCW against all defendants.

### III. PLAINTIFFS FAIL TO OVERCOME THE ATTORNEY GENERAL'S ELEVENTH AMENDMENT SOVEREIGN IMMUNITY.

Plaintiffs do not dispute that their claims against the Attorney General are barred by Eleventh Amendment sovereign immunity unless the *Ex parte Young* exception applies. Nor do they dispute that—pursuant to *Mi Familia Vota* and *Healthy Vision*, ECF #40 at 25-27—they cannot establish the requisite enforcement connection relative to the Attorney General's discretionary authority "without 'indicating some reasonable prospect of how that discretion is to be exercised.'" *See* ECF #49 at 12 (quoting ECF #40 at 27) (quoting *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 397 (5th Cir. 2025)).

Of the two challenged provisions of H.B. 1193 implicating the Attorney General—*viz.*, § 8(2) and § 9(1)(b)[3]—Plaintiffs appear to acknowledge, as they must, that the writ-of-mandamus provision of § 9(1)(b) is <u>discretionary</u> (i.e., "the Attorney General *may* file an application for a writ of mandamus") (emphasis added). *See* ECF #49 at 13. They do not argue otherwise.

Nor do they "'connect[ ]' [the Attorney General's] discretion to actual enforcement by indicating some reasonable prospect of how that discretion is to be exercised." *See Healthy Vision*, 138 F.4th at 397. Instead, they point to litigation positions that the Attorney General has taken in unrelated federal cases, none of which involved efforts to seek mandamus against Mississippi educational institutions—or anyone else—in Mississippi Chancery Courts. Given the attenuated chain of events that must occur before the Attorney General could ever seek a writ of mandamus pursuant to § 9(1)(b)—*viz.*, action or inaction by a covered board and receipt of notification of such action or inaction from an aggrieved person—it is premature to speculate regarding the manner in which the Attorney General will exercise her discretion in connection with this provision

---

[3] Incorrectly cited throughout Plaintiffs' response [ECF #49] as Section "9(b)."

if ever presented the opportunity. Accordingly, Plaintiffs have not overcome the Attorney General's sovereign immunity with respect to § 9(1)(b).

Plaintiffs further argue that § 8(2) "<u>requires</u> the Attorney General to act when presented with a certification that a violating entity has demonstrated full compliance with HB 1193 as a condition of having funds restored." ECF #49 at 13 (emphasis added). Even assuming for the sake of argument that § 8(2) in fact "requires" the Attorney General to do anything, the Court should note that Plaintiffs do not seek to enjoin the Attorney General from taking any requisite action to facilitate *restoring* any withheld educational funds. To the contrary, Plaintiffs seek to enjoin other defendants from ever withholding such funds in the first place.

Because Plaintiffs (1) do not allege that *restoring* withheld funds would constitute an ongoing violation of federal law and (2) do not seek to enjoin the Attorney General from taking any action to facilitate *restoring* any withheld funds, the *Ex parte Young* exception does not apply with respect to § 8(2) as a matter of law. *See Healthy Vision*, 138 F.4th at 396 (reaffirming that to proceed under *Ex parte Young*, plaintiff must allege an ongoing violation of federal law and must seek prospective relief); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.").

In sum, Plaintiffs have not satisfied their burden to overcome the Attorney General's Eleventh Amendment sovereign immunity. Thus, their claims against the Attorney General should be dismissed for lack of subject-matter jurisdiction.

## **CONCLUSION**

For all these reasons, pursuant to Rule 12(b)(1), the Court should (1) dismiss all claims asserted against the MCSAB Board Member Defendants and dismiss those defendants from this

lawsuit; (2) dismiss all claims asserted by Plaintiff UCW against all defendants; and (3) dismiss all claims asserted against the Attorney General and dismiss her from this lawsuit.

THIS the 23rd day of July, 2025.

                                                        Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; JOHN PIGOTT, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; CHERYL THURMOND, VIDET CARMICHAEL, DONNIE CAUGHMAN, BUBBA HUDSPETH, DOLLY MARASCALCO, JOHNNY MCRIGHT, LUKE MONTGOMERY, WILL SYMMES, AND DIANNE WATSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; GLEN EAST, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MATT MILLER, LANCE EVANS, WENDI BARRETT, MATT MAYO, BILL JACOBS, RONNIE MCGEHEE, MIKE PRUITT, BILLYE JEAN STROUD, AND MARY WERNER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MARCY SCOGGINS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD; AND JAY CARNEY, SANDRA MCKIERNON, ERIN MEYER, BEN MORGAN, CANDACE ROBINS, AND JENNIFER JACKSON WHITTIER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL
         STATE OF MISSISSIPPI

By:    <u>s/Rex M. Shannon III</u>
         REX M. SHANNON III (MSB #102974)
         Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 23rd day of July, 2025.

                                                                  s/Rex M. Shannon III
                                                                  REX M. SHANNON III