**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MISSISSIPPI ASSOCIATION OF
EDUCATORS,  ET AL.**                                                     **PLAINTIFFS**

**VS.**                                                 **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE
INSTITUTIONS OF HIGHER LEARNING, ET AL.**                  **DEFENDANTS**

---

## **DEFENDANTS' MOTION TO CORRECT DOCKET, PRESERVE RECORD, AND FOR CLARIFICATION**

---

All Defendants, by and through counsel, pursuant to Rule 79, *Federal Rules of Civil Procedure*, file this motion asking the Court to correct the docket to reflect the original form of its Order Granting Temporary Restraining Order ("TRO Order") entered July 20, 2025, and its subsequently filed corrected versions of the TRO Order to preserve an accurate record for appeal, and to provide the parties with an explanation for how the Court's original TRO order came to include significant substantive errors referencing non-existent plaintiffs and defendants, citing non-existent factual allegations, quoting non-existent statutory language, and relying upon multiple non-existent declarations, and in support would show:

### **Relevant Facts**

1.     At approximately 4:30 p.m. on Sunday, July 20, 2025, the Court entered, as ECF #51, the original version of the TRO Order, which included non-existent quotes to H.B. 1193, identified plaintiffs and defendants who have never been joined as parties to this action, and relied on allegations not made and evidence outside the record that does not appear to exist. *See* Ex. A.

1

July 20, 2025 ECF notice and original TRO Order. It remains unclear what led to the multiple errors appearing in the original TRO Order.

2.      On July 22, 2025, the Defendants filed their Unopposed Motion to Clarify or Correct Order Granting Temporary Restraining Order (ECF# 54) incorporated here by reference.

3.      At approximately 3:32 p.m. on July 22, 2025, the Court's law clerk emailed all counsel of record the following: "Judge Wingate has requested that the parties submit and [sic] Agreed (or Unopposed) Order granting the most recent Motion [54], seeking clarification." *See* Ex. B, July 22, 2025 emails. At approximately 9:06 p.m. on July 22, 2025, the Court's law clerk sent a second email to all counsel advising that "[t]he Amended/Corrected Order is now available on ECF. Please disregard the Court's previous instructions." *See* Ex. B, July 22, 2025 emails.

4.      Counsel for the Defendants did not receive an ECF notice that the Amended/Corrected TRO Order had been entered. Upon review of the docket in PACER, Defendants discovered that the Amended/Corrected Order (filed-stamped July 20, 2025, but dated as signed on July 22, 2025) was added as an exhibit to the original TRO Order as ECF #51-1. *See* Ex. C, First Amended/Corrected TRO Order.

5.      At approximately 9:20 a.m. on the morning of Wednesday, July 23, 2025, counsel for Defendants noticed that the original TRO Order had been completely removed from the docket and replaced by the Corrected/Amended TRO Order (filed-stamped July 20, 2025, but dated as signed on July 22, 2025) that was uploaded as ECF# 51-1 the previous evening. *See* Ex. D Refiled First Amended/Corrected TRO Order. The ECF number on face of the refiled Corrected/Amended TRO Order had been changed from ECF #51-1 to ECF #51. No ECF notice was issued to the parties in connection with this modification of the docket.

6.      At approximately 11:05 a.m. on July 23, 2025, Counsel for Defendants received an ECF notification from the Court stating the following: "TEXT ONLY ORDER granting [54] Unopposed Motion to Amend/Correct. NO FURTHER WRITTEN ORDER SHALL FOLLOW. Signed by District Judge Henry T. Wingate on 7/23/2025 (nd)." *See* Ex. E, July 23, 2025 Text Order.

7.      One minute later, at approximately 11:06 a.m. on July 23, 2025, Counsel for Defendants received a separate ECF notification from the Court stating the following: "ORDER granting [11] Motion for Temporary Restraining Order ONLY.  This Court has not yet ruled on the Plaintiffs' Motion for a Preliminary Injunction.  Signed by District Judge Henry T. Wingate on 7/20/2025 (nd) (Main Document 51 replaced on 7/23/2025) (ND)." *See* Ex. F, ECF Notice. In connection with this notice, the First Amended/Corrected TRO Order was replaced as ECF #51 on the docket with a Second Amended/Corrected TRO Order that was both filed-stamped <u>and</u> dated as signed on July 20, 2025. *See* Ex. G, Second Amended/Corrected TRO Order.

### Argument

8.      Court dockets and documents filed in civil actions like this one are public records upon which third parties and other courts rely. *See StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17CV303, 2019 WL 5395569, at *7 (E.D. Tex. July 25, 2019), *report and recommendation adopted*, No. 4:17CV303, 2019 WL 4256987 (E.D. Tex. Sept. 9, 2019) (citing *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999)).

9.      Once a document is filed, it becomes "'a part of the public record of the court,' such that there is a presumption that court records are in the public domain." *Cooksey v. Hunt S. Grp, LLC*,  No. 1:18CV49-LG-RHW, 2019 WL 13128563, at *1 (S.D. Miss. May 16, 2019) (citing L.U. Civ. R. 79(a); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[M]atters of public

record . . . includ[e] documents on file in federal or state court."); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records. . . .").

10.    Court documents "belong to the American people; they are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (citing *Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 417 (5th Cir. 2021). "The public's right of access to judicial records is a fundamental element of the rule of law." *Id.* (citing *Leopold v. United States (In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders)*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). For this reason, the public's interest in "transparent court proceedings . . . is independent of the parties' interests." *Id.* (citing *In re Gee*, No. 19-30953, slip op. at 8, 2019 WL 13067384 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted)). The public right to transparency "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)).

11.    The legal importance of maintaining complete and accurate public records is embodied in Fed. R. Civ. P. 79 and L.U. Civ. R. 79. "Rule 79(a) directs the clerk of the court to maintain a 'civil docket,' and to record *all* case activities on that docket, particularly noting the date of entry of judgments and orders." *Ellison v. Conoco, Inc.,* 950 F.2d 1196, 1200 n.5 (5th Cir. 1992) (emphasis added).

12.    The accuracy and completeness of the court docket is even more important where the case involves a matter of public interest. *See June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022) ("'[T]he rationale for public access is even greater' where, as here, the case 'involve[s] matters of particularly public interest.'").

4

13.     In the present action, numerous press articles and reports have cited the erroneous portions of the original TRO Order, creating widespread and unnecessary confusion that cannot easily be rectified after the fact with the original TRO Order erased from the docket. *See* https://www.foxnews.com/politics/federal-judge-slaps-temporary-restraining-order-mississippi-dei-ban ("Faculty members at Jackson State University have been instructed not to discuss gender theory or systemic racism . . ."); https://www.theguardian.com/us-news/2025/jul/21/mississippi-dei-programs-pause ("The former director of the Fannie Lou Hamer National Institute on Citizenship and Democracy at Jackson State University said that the institute was defunded and effectively ended, despite its success, because, according to the ruling, of "the vague prohibitions under HB 1193 and institutional fear of non-compliance"); https://apnews.com/article/dei-mississippi-ban-law-diversity-equity-inclusion-f0f7c5faf98a67dc2cb4282eb14cb851 ("Faculty members at Jackson State University have been instructed not to discuss gender theory or systemic racism, he wrote."); https://www.wjtv.com/news/politics/mississippi-politics/judge-temporarily-blocks-mississippis-dei-ban/ (imbedding full copy of the original TRO Order).[1]

14.     Without access to the original TRO Order, any public observer – including any reporter who publicized the erroneous representations contained in the original TRO Order – will find it virtually impossible, by reference to this Court's docket, to ascertain what has occurred procedurally in connection with the entry and correction of the erroneous original TRO Order.

15.     Regardless of how the Court rules on the pending Preliminary Injunction motion and Defendants' motion to dismiss, there is likely to be an appeal in this case. All parties are

---

[1] These are just a few of the articles citing the original TRO Order. *See* https://thehill.com/regulation/court-battles/5412399-federal-judge-restrains-mississippi-dei/; https://magnoliatribune.com/2025/07/21/judge-wingate-temporarily-blocks-anti-dei-law-in-mississippi/ ; https://www.highereddive.com/news/judge-pauses-mississippi-dei-ban-public-colleges/753757/; https://www.mississippifreepress.org/judge-blocks-mississippis-ban-on-diversity-equity-and-inclusion/; https://abcnews.go.com/US/wireStory/mississippi-judge-pauses-states-ban-dei-programs-schools-123935769; https://cdispatch.com/news/mississippi-judge-pauses-the-states-ban-on-dei-programs-in-schools-and-universities/.

entitled to a complete and accurate record of all papers filed and orders entered in this action, for the benefit of the Fifth Circuit's appellate review.

16.    To ensure that this Court's docket fully and accurately reflects what has occurred in connection with the entry of a temporary restraining order in this case, Defendants ask that the Court restore the docket to reflect the original TRO Order and the subsequently filed Amended/Corrected TRO Orders as separate docket entries, such that all versions of the TRO Order entered at any time are reflected on the docket in their entirety in the order in which they were entered.

17.    Moreover, Defendants respectfully submit that given the nature of the multiple substantive errors included in the original TRO Order – errors that cannot be dismissed as typographical or scrivener's errors – the parties and the public are due an explanation from the Court as to how these errors occurred.

18.    Given the straightforward nature of the relief requested in this motion, Defendants request that the requirement of the filing of a separate memorandum of authorities be waived.

19.    Defense counsel has conferred with counsel opposite to ascertain Plaintiffs' position on the instant motion, and Plaintiffs' counsel has represented that they take no position on the motion.

**FOR THESE REASONS**, Defendants respectfully request the following relief:

1.    An ORDER requiring the clerk to restore the docket to reflect the original TRO Order and all subsequently filed revised TRO Orders in their entirety, in the form and order in which they were entered, along with docket entries that accurately reflect when these documents were filed; and

2. An ORDER explaining what caused the original TRO Order to contain the multiple

   substantive errors recited at pages 2-4 of *Defendants' Unopposed Motion to Clarify or*

   *Correct Order Granting Temporary Restraining Order [ECF #51]* [ECF #54].

THIS the 28th day of July, 2025.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI;
GEE OGLETREE, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE BOARD OF
TRUSTEES OF STATE INSTITUTIONS OF
HIGHER LEARNING; STEVEN CUNNINGHAM,
AMY ARRINGTON, DONALD CLARK, JR.,
ORMELLA CUMMINGS, JERRY L. GRIFFITH,
JIMMY HEIDELBERG, TERESA HUBBARD,
BRUCE MARTIN, HAL PARKER, GREGG
RADER, AND CHARLIE STEPHENSON, ALL
IN THEIR OFFICIAL CAPACITIES AS
MEMBERS OF THE BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER
LEARNING; JOHN PIGOTT, IN HIS OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
COMMUNITY COLLEGE BOARD; CHERYL
THURMOND, VIDET CARMICHAEL, DONNIE
CAUGHMAN, BUBBA HUDSPETH, DOLLY
MARASCALCO, JOHNNY MCRIGHT, LUKE
MONTGOMERY, WILL SYMMES, AND
DIANNE WATSON, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI COMMUNITY COLLEGE BOARD;
GLEN EAST, IN HIS OFFICIAL CAPACITY AS
CHAIR OF THE MISSISSIPPI STATE BOARD
OF EDUCATION; MATT MILLER, LANCE
EVANS, WENDI BARRETT, MATT MAYO,
BILL JACOBS, RONNIE MCGEHEE, MIKE
PRUITT, BILLYE JEAN STROUD, AND MARY
WERNER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI STATE BOARD OF EDUCATION;
MARCY SCOGGINS, IN HER OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI
CHARTER SCHOOL AUTHORIZER BOARD;

AND JAY CARNEY, SANDRA MCKIERNON,
ERIN MEYER, BEN MORGAN, CANDACE
ROBINS, AND JENNIFER JACKSON
WHITTIER, ALL IN THEIR OFFICIAL
CAPACITIES AS MEMBERS OF THE
MISSISSIPPI CHARTER SCHOOL
AUTHORIZER BOARD, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL
       STATE OF MISSISSIPPI

By:    s/Lisa A. Reppeto
       LISA A. REPPET (MSB #99978)
       Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

8

## CERTIFICATE OF SERVICE

I, Lisa A. Reppeto, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 28th day of July, 2025.

s/Lisa A. Reppeto
LISA A. REPPETO