**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**Jackson Division**

**MISSISSIPPI ASSOCIATION OF**
**EDUCATORS, ET AL.,[1]**

          *Plaintiffs*,

**v.**

      **Civil No. 3:25cv00417-HTW-LGI**

**LYNN FITCH, ET AL.,**

          *Defendants*.

---

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 7(b)(2), Plaintiffs, through undersigned counsel, respectfully submit this motion for leave to amend the complaint. Given the straightforward nature of the request, Plaintiffs respectfully request that the Court waive its requirement for a separate memorandum of law for this short motion. In support of their motion, Plaintiffs further state:

Developments during the course of this litigation have led the Plaintiffs to request leave to file a Second Amended Complaint ("SAC"). There are four key components to the SAC: first, it removes the Mississippi Association for Educators (MAE) which has moved to withdraw from the case, [45], and adds new K-12 educators to take the place of MAE. Second, it adds certain K-12 parents to join the pre-existing K-12 parent plaintiff. Third, in response to Defendants' contention that, under the Supreme Court's recent decision in *Trump v. CASA* 222 L. Ed. 2d 930 (2025), any Court injunction must be limited to the named plaintiffs, [43] at 20, the SAC adds

---

[1]  Plaintiff Mississippi Association of Educators has filed a Motion to be Removed as Plaintiff, Dkt. 45.

1

class action claims on behalf of the Plaintiffs out of an abundance of caution. Fourth, in response to the Defendants' claim that that the complaint does not adequately allege standing for Plaintiff United Campus Workers, [40] at 21-24, the SAC elaborates on the mission and other details regarding the UCW. It also elaborates on details related to the standing of organizational Plaintiffs FLARE and WiSE.

Fed. R. Civ. Proc. 15(a) requires that a court "freely give leave [to amend] when justice so requires." As the Supreme Court has explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "[D]istrict courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Here, there are no exceptional circumstances that override that presumption. Adding plaintiffs in lieu of other plaintiffs who are leaving the case is freely permitted, particularly where the change "in no way alters the known facts and issues on which the action is based." *Staren v. Am. Nat. Bank & Tr. Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). Here, the underlying constitutional issues are the same irrespective of the addition of plaintiff educators

and parents. The Defendants have been on notice that the Plaintiffs might seek to add new parties. No bad faith, undue delay, or undue prejudice exists.

The Defendants cited *Trump v. CASA* for their contention that an injunction should apply only to the named Plaintiffs and Defendants. The Supreme Court's decision emphasized that universal injunctions are only appropriate under certain circumstances, but the Court also noted that Rule 23 class actions are a method by which injunctive relief can appropriately be granted to a large group of people who are all affected by unconstitutional government action. 222 L. Ed. 2d at 945-946. Although Plaintiffs believe that their right to "complete relief," *id.* at 954, requires a universal injunction even without a plaintiffs' class action, [46] at 11, they are adding class claims out of an abundance of caution to provide additional grounds for statewide injunctive relief.

The new passages regarding UCW are added, also out of an abundance of caution, to corroborate UCW's standing after it was questioned by the Defendants.

For all of these reasons, the Motion for Leave to File a Second Amended Complaint should be granted.

Dated: July 30, 2025                              Respectfully submitted,

| | |
|---|---|
| *s/ ROBERT B. MCDUFF*<br>ROBERT B. MCDUFF<br> MS BAR NO. 2532<br>PALOMA WU<br> MS BAR NO. 105464<br>MISSISSIPPI CENTER FOR JUSTICE<br>210 E. CAPITOL STREET, STE 1800<br>JACKSON, MS 39201<br>601-259-8484<br>RMCDUFF@MSCENTERFORJUSTICE.ORG<br>PWU@MSCENTERFORJUSTICE.ORG<br><br>*s/ AMIR BADAT*<br>AMIR BADAT<br> MS BAR NO. 106599 | *s/ JOSHUA TOM*<br>JOSHUA TOM<br> MS BAR. NO 105392<br>MCKENNA RANEY<br> MS BAR NO. 106330<br>AYANNA HILL<br> MS BAR NO. 106590<br>AMERICAN CIVIL LIBERTIES UNION OF<br>MISSISSIPPI FOUNDATION, INC.<br>P.O. BOX 2242<br>JACKSON, MS 39225<br>PHONE: (601) 354-3408<br>JTOM@ACLU-MS.ORG |

| | |
|---|---|
| BADAT LEGAL PLLC<br>P.O. BOX 15<br>TOUGALOO, MS 39174<br>PHONE: 601-462-9592<br>AMIR.BADAT@GMAIL.COM<br><br>*COUNSEL FOR PLAINTIFFS* | MRANEY@ACLU-MS.ORG<br>AHILL1@ACLU-MS.ORG<br><br>*s/ NICOLAS STANOJEVICH*<br>NICOLAS STANOJEVICH*<br>QUINN, CONNOR, WEAVER,<br>DAVIES & ROUCO LLP<br>2 20TH STREET NORTH SUITE 930<br>BIRMINGHAM, AL 35203<br>PHONE: (205) 870-9989<br>NSTANOJEVICH@QCWDR.COM<br>*ADMITTED PRO HAC VICE |

CERTIFICATE OF SERVICE

I certify that the foregoing has been filed on the ECF system which served all counsel of record on this 30th day of July, 2025.

_s/ McKenna Raney_____
Co-counsel for Plaintiffs