IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

MISSISSIPPI ASSOCIATION OF
EDUCATORS, ET AL.,[1]

        *Plaintiffs*,

v.

LYNN FITCH, ET AL.,

        *Defendants*.

Civil No. 3:25cv00417-HTW-LGI

**SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO THE DEFENDANT'S'
MOTION TO DISMISS THE AMENDED COMPLAINT**

    This supplement is submitted in light of developments since Plaintiffs filed their memorandum in opposition [49] to Defendants' Motion to Dismiss [39-40].

    Defendants made four arguments in their motion to dismiss. The first was that the non-IHL board members should be dismissed because, according to the Defendants, the Plaintiffs alleged harms could not be traced to the non-IHL board members and could not be redressed by them. [40] at 2-4. But after the Plaintiffs explained in their opposition memorandum why there is traceability and redressability, [49] at 3-10, the Defendants filed their reply and did not contest the Plaintiffs' argument. [55] at 1. As the Plaintiffs understand it, the Defendants no longer seek the dismissal of the non-IHL Board members on that ground.

    The second argument was that none of the plaintiffs had charter school connections sufficient to confer standing and therefore the members of the Mississippi Charter School

---

[1] Plaintiff Mississippi Association of Educators has filed a Motion to be Removed as Plaintiff, Dkt. 45.

1

Authorizer Board ("MCSAB") should be dismissed. [40] at 4-5. In their response, the Plaintiffs stated that because their number did not include a student or educator in a charter school, the Plaintiffs had no objection to the dismissal of the members of the board members without prejudice. [49] at 10. However, the Plaintiffs recently moved for leave to file a second amended complaint that would include class action claims on behalf of "[a]ll educators at postsecondary public educational institutions and K-12 public schools in Mississippi" and "[a]ll students and parents or guardians of minor students at postsecondary public educational institutions and K-12 public schools in Mississippi." [60-1] at 39. The proposed second amended complaint included "public charter schools" within the definition of K-12 "public schools" as the legislature has done. *Id.* at 39-40, *quoting* Miss. Code Ann. § 37-68-5(c)*; see also* Miss. Code Ann. § 37-28-3(2) ("[a]ll charter schools in the state . . . are public schools and are part of the state's public education system."). Now that Plaintiffs have made a class action claim involving K-12 public schools which encompass charter schools, the motion to dismiss the MCSAB members should be held in abeyance pending a decision on the motion to amend the complaint.

The third argument was United Campus Workers ("UCW") lacked standing to sue any defendant because it had not adequately alleged associational standing "because the Amended Complaint contains no allegations demonstrating that any part of UCW's mission is related to enforcing its members' First and Fourteenth Amendment rights." [40] at 5. The Defendants also argued that "UCW has also failed to establish organizational standing" because the complaint failed to allege "that the Mississippi Law has caused UCW to divert any resources, chilled its speech as an organization, or otherwise caused it any alleged harm as an organization." *Id.* Plaintiffs responded to that argument in their opposition memorandum, [49] at 10-11, and explained why UCW does have standing in light of the allegations of the First Amended

Complaint. But even if that were not sufficient, the Plaintiffs' proposed Second Amended Complaint expands the allegations regarding UCW. It explains (among other things) that "HB 1193 has forced UCW to divert its organizational resources to identify and counteract the Act's impermissibly vague restrictions," that "UCW expects to expend time and capital through representation of its members in proceedings related to faculty and staff discipline or termination for violation of the challenged provisions of HB 1193," and that "[t]he mission of UCW includes defending the constitutional rights and academic freedom of its members, rights which are infringed by the challenged provisions of HB 1193." [60-1] at 8-10. These and the other allegations in the proposed Second Amended Complaint confirm that UCW has both associational standing and organizational standing.

The fourth and final argument in the Motion to Dismiss was that the Attorney General should be dismissed as a Defendant because of sovereign immunity. [40] at 5-6. The Plaintiffs responded to that argument previously and explained that the exception from *Ex Parte Young* applies. [49] at 12-15. The Plaintiffs have nothing to add regarding that issue.

Dated: August 1, 2025                                                      Respectfully submitted,

| *s/ Robert B. McDuff* | *s/ Joshua Tom* |
|---|---|
| Robert B. McDuff<br> MS Bar No. 2532<br>Paloma Wu<br> MS Bar No. 105464<br>Mississippi Center for Justice<br>210 E. Capitol Street, Ste 1800<br>Jackson, MS 39201<br>601-259-8484<br>rmcduff@mscenterforjustice.org<br>pwu@mscenterforjustice.org<br><br>*s/ Amir Badat*<br>Amir Badat<br> MS Bar No. 106599<br>Badat Legal PLLC<br>P.O. Box 15 | Joshua Tom<br> MS Bar. No 105392<br>McKenna Raney<br> MS Bar No. 106330<br>Ayanna Hill<br> MS Bar No. 106590<br>American Civil Liberties Union of Mississippi Foundation, Inc.<br>P.O. Box 2242<br>Jackson, MS 39225<br>Phone: (601) 354-3408<br>jtom@aclu-ms.org<br>mraney@aclu-ms.org<br>ahill1@aclu-ms.org |

| | |
|---|---|
| TOUGALOO, MS 39174<br>PHONE: 601-462-9592<br>AMIR.BADAT@GMAIL.COM<br><br>*COUNSEL FOR PLAINTIFFS* | *S/ NICOLAS STANOJEVICH*<br>NICOLAS STANOJEVICH*<br>QUINN, CONNOR, WEAVER,<br>DAVIES & ROUCO LLP<br>2 20TH STREET NORTH SUITE 930<br>BIRMINGHAM, AL 35203<br>PHONE: (205) 870-9989<br>NSTANOJEVICH@QCWDR.COM<br>*ADMITTED PRO HAC VICE |

4

CERTIFICATE OF SERVICE

    I certify that the foregoing has been filed on the ECF system which served all counsel of record on this 1st day of August, 2025.

*s/ Robert McDuff*
Co-counsel for Plaintiffs
