IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MISSISSIPPI ASSOCIATION OF EDUCATORS, et al.**               **PLAINTIFFS**

**v.**                                             **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE**
**INSTITUTIONS OF HIGHER LEARNING, et al.**                    **DEFENDANTS**

**ORDER**

Before this Court is Defendants' "Motion to Correct Docket, Preserve Record, and for Clarification" [Dkt. 58]. Having reviewed the motion, the record, and the governing law, the Court finds the motion not well-taken and, therefore, **DENIED**.

On July 20, 2025, this Court entered an Order granting Plaintiffs' Motion for Temporary Restraining Order ("TRO"). The original version of that Order contained clerical errors referencing improper parties and factual allegations. The Court promptly corrected those errors and issued an Amended and Corrected TRO on the docket. Notice of correction was transmitted to counsel on July 22, 2025. The parties have not sought dissolution or modification of the TRO itself.

Defendants now move to restore the original erroneous order to the docket and request an explanation for the initial errors.

This Court's inherent authority and Federal Rule of Civil Procedure 60(a)[1] permit correction of clerical mistakes and errors arising from oversight or omission. See *In re W. Tex.*

---

[1] **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60

*Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994) (clerical errors may be corrected by the court at any time to conform the record to the truth). The United States Court of Appeals for the Fifth Circuit consistently recognizes that courts may amend filings to correct inadvertent errors without affecting the substance of the ruling. See *United States v. Steen*, 55 F.3d 1022, 1025–26 (5th Cir. 1995); *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011).

The correction here falls squarely within this principle. The Court's prompt amendment eliminated clerical inaccuracies while preserving the operative TRO ruling. Defendants concede that neither party requested dissolution or modification of the TRO. Their motion therefore seeks relief unrelated to any substantive dispute presently before this Court.

Moreover, courts are not obligated to preserve superseded orders containing clerical errors once corrected. The Fifth Circuit has held that a corrected order supersedes the earlier erroneous entry and that the record, as amended, reflects the Court's actual ruling. See *United States v. Lopez*, 26 F.3d 512, 520 (5th Cir. 1994).

Finally, Defendants' request for an explanatory order exceeds the scope of Rule 60(a) and the Court's obligations. The Court corrected the record, notified the parties, and the corrected TRO is the controlling order. No further explanation is warranted.

Accordingly, Defendants' Motion to Correct Docket, Preserve Record, and for Clarification [Dkt. 58] is **DENIED**.

SO ORDERED AND ADJUDGED this the  1st   day of August   , 2025.

/s/HENRY T. WINGATE  
**UNITED STATES DISTRICT COURT JUDGE**