IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

MISSISSIPPI ASSOCIATION OF )
EDUCATORS, ET AL.,[1] )
 )
                                 ) Civil No. 3:25-cv-00417-HTW-LGI
            *Plaintiffs*, )
v. )
 )
LYNN FITCH, ET AL., )
            *Defendants*. )

## DECLARATION OF JAKOB CLARK

Pursuant to 28 U.S.C. § 1746, I, Jakob Clark, make the following declaration under penalty of perjury:

1. My name is Jakob Clark. I reside in Rankin County with my wife and teenage son. We moved to the area four years ago specifically for the exemplary schools. We have been happy with our son's education and overall experience in Rankin County Schools. However, the provisions outlined below in HB 1193 are deeply concerning.

2. Section 3(b) of HB 1193 prohibits Mississippi public schools from "[e]ngag[ing] in divisive concepts as defined in Section 2(d) and (e) of this act." Section 2(d) defines "diversity training" to include "any formal or informal education, seminars, workshops or institutional program that focus on increasing awareness or understanding of issues related to race, sex, color, gender identity, sexual orientation or national origin." Thus, Section 3(b) prohibits any "[e]ngage[ment] with 'any formal or informal education that . . . increase[es] awareness or understanding of issues related to race, sex, color, gender identity, sexual orientation or national origin.'"

---

[1] Plaintiff Mississippi Association of Educators has filed a Motion to be Removed as Plaintiff, Dkt. 45.

1

3. The other challenged provisions in 3(b), 3(f), 3(g), and 3(i) also involve prohibitions on education in public schools.

4. I am concerned that the challenged provisions in HB 1193 will negatively impact the quality of education available to my son and his classmates. It is important that they are given the opportunity to learn about the banned topics, which clearly play a large role in our culture. By censoring teachers and banning certain subjects, students will be denied a quality education that prepares them for the realities of the world around them. The vague nature of these provisions further complicates matters by causing confusion about what is and is not permissible. To reduce the risk of violating the rules, students and teachers are likely to avoid any topics even remotely adjacent — including those that might be perfectly acceptable.

5. Beyond the educational aspects, I am also concerned about the broader societal implications of banning discussions on issues that affect fellow Americans. In effect, the provisions reinforce societal prejudices against students who represent these topics — for example, students with brown skin or those who are LGBTQ. This increases the potential for their abuse and for negative learned behaviors, such as bullying and hate crimes.

6. The vague nature of these provisions is especially worrisome. I fear my son may face punishment for asking questions or making comments about banned topics — many of which he has already learned about in the same school. The lack of clarity around what is acceptable will make it very difficult to know when a line has been crossed. There are many schools in Rankin County. According to these provisions, it would only take two **uncured violations from any of the schools in the county for my son's school to lose funding. This would leave him and his peers with** no access to public education.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and understanding.

Executed: August 1, 2025

_____
Jakob Clark