IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

| | |
|---|---|
| MISSISSIPPI ASSOCIATION OF EDUCATORS, ET AL., <br><br> *Plaintiffs*, <br> v. <br><br> LYNN FITCH, ET AL., <br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) Civil No. 3:25-cv-00417-HTW-LGI |

### **DECLARATION OF JOY PARIKH**

Pursuant to 28 U.S.C. § 1746, I, Joy Parikh, make the following declaration under penalty of perjury:

1. My name is Joy Parikh. I reside in Jackson, Mississippi. I am the parent of two children who are currently enrolled in the Jackson Public School District (JPS), one in the eighth grade and one in the ninth grade. I am Asian American, and my children are multiracial. My husband is a public-school teacher in JPS.

2. I have been an active member of the JPS community for over ten years. I have served in leadership roles on the executive boards of three JPS Parent Teacher Associations (PTAs), including as Treasurer, Secretary, Membership Chair, and currently Director of Communications. I regularly volunteer at school events and work closely with school staff, families, and administrators.

3. Section 3(b) of HB 1193 prohibits Mississippi public schools from "[e]ngag[ing] in divisive concepts as defined in Section 2(d) and (e) of this act." Section 2(d) defines "diversity training" to include "any formal or informal education, seminars, workshops or institutional program that focus on increasing awareness or understanding of issues

1

related to race, sex, color, gender identity, sexual orientation or national origin." Thus, Section 3(b) prohibits any "[e]ngage[ment] with "any formal or informal education that . . . increase[es] awareness or understanding of issues related to race, sex, color, gender identity, sexual orientation or national origin."

4. The other challenged provisions in 3(b), 3(f), 3(g), and 3(i) also involve prohibitions on education in the public schools. I am concerned that the challenged provisions in HB 1193 will affect student expression, classroom dialogue, and conversations considered "divisive concepts" and have the potential to deny my children the right to learn about identities, histories, and perspectives that are important to understanding the complexity of the broader world.

5. Our family's cultural background is an important part of our identity and values. My children have previously participated in assignments and events that allowed them to explore their family heritage and discuss race, color, and national origin. These experiences helped them connect to their cultural background and share important aspects of their lives with their peers. The vague language of this bill is overly broad and, in practice, threatens to restrict these educational opportunities of my children and their peers.

For example, I am concerned that:

   a. School events, clubs, or activities that observe or celebrate race, ethnicity, or cultural heritage (Asian American and Pacific Islander (AAPI) Heritage Month observed in May or Black History Month observed in February) may be discouraged or scaled back if perceived as promoting diversity.

    b. School assignments on cultural diversity (such as oral-history reports, international food fairs, and family-heritage presentations) can be scrutinized or challenged if they explore racial identity, national origin, or celebrate cultural pride in ways that someone might call "divisive."

    c. My children may be deterred from discussing their Asian heritage in ways that acknowledge racism, stereotyping, or their grandparent's immigrant experience. For example, if they wished to give a presentation on the wave of anti-Asian racism during the COVID-19 pandemic, I am concerned that their teacher might prohibit it out of fear that it could be seen as promoting a "divisive concept" or inviting complaint.

6. The ambiguous language of HB 1193 creates confusion. I am concerned that the vague and inconsistent provisions will make it difficult for my children and me to differentiate what is prohibited from what is allowed and which of their actions will violate the challenged provisions.

7. The enforcement provisions in HB 1193 also raise concerns. If a school in the Jackson Public School District is found to be in violation of the bill and does not correct the issue, then state funding may be withheld. This could result in school closures, directly affecting my children's access to education.

8. HB 1193 harms not only my children but all students in Mississippi's public schools. It undermines efforts to create inclusive, respectful learning environments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and understanding.

Executed: August 1, 2025

_____
Joy Parikh

4