**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MISSISSIPPI ASSOCIATION OF EDUCATORS, ET AL.** — **PLAINTIFFS**

**VS.** — **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, ET AL.** — **DEFENDANTS**

---

**DEFENDANTS' LIST OF FACTS AND AUTHORITIES REQUESTED BY COURT AT CONCLUSION OF DAY 1 OF PRELIMINARY INJUNCTION HEARING**

---

During the first day of the evidentiary hearing on Plaintiffs' motion for preliminary injunction [ECF #11], *viz.*, August 5, 2025, Plaintiffs called the following witnesses from whom they elicited in-court testimony: James Thomas (a named plaintiff), Amy Coronado, L.E. Jibol (a named plaintiff), and Cliff Johnson.

Following the conclusion of the hearing at or around 4:00 p.m. on August 5, 2025, the Court directed the parties to submit to the Court, as soon as reasonably practicable before the resumption of the hearing (for the purpose of hearing the parties' respective closing arguments) at 9:00 a.m. the following day, August 6, 2025, a list of the following: (1) any facts presented via the in-court testimony of the above-named witnesses that each side contends support its arguments in support of, or in opposition to, Plaintiffs' motion for preliminary injunction; and (2) the citations for any legal authorities, not already cited in the parties' briefing on the motion, that each side contends support its arguments in support of, or in opposition to, Plaintiffs' motion for preliminary injunction.

In compliance with the Court's directive, and by way of supplementation to their papers appearing at ECF #42 and ECF #43, Defendants submit the following list of requested facts and authorities in further support of their response in opposition to Plaintiffs' motion for preliminary injunction:

**FACTS**

1. Plaintiffs have not presented evidence showing that no constitutional application of the challenged provisions of H.B. 1193 exists.

2. Plaintiffs have not presented evidence demonstrating the full set of applications, both constitutional and allegedly unconstitutional, of the challenged provisions of H.B. 1193.

3. Plaintiffs have not presented evidence showing that any allegedly unconstitutional applications of the challenged provisions of H.B. 1193 substantially outweigh the constitutional applications, as required by *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), and *NetChoice, L.L.C. v. Fitch*, 134 F.4th 799 (5th Cir. 2025).

4. Plaintiffs have not met their burden, under *Garcetti v. Ceballos*, 547 U.S. 410 (2006), *Pickering v. Bd. of Educ. of Township High Sch. Dist. 205, Will County, Ill.*, 391 U.S. 563 (1968), or *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260 (1988), as applicable to the respective categories of plaintiffs, to show that their First Amendment rights are implicated by the challenged provisions of H.B. 1193.

5. Plaintiffs' witnesses' testimony regarding alleged vagueness should not be credited to the extent such testimony of each witness was internally inconsistent, as follows: on the one hand, each of Plaintiffs' witnesses testified that they are unable to understand the meaning of certain provisions of H.B. 1193, while on the other hand,

each witness testified that such provisions prohibit their speech or the speech of their children or their children's teachers.

6. Plaintiffs' witnesses did not testify that all applications of the challenged provisions of H.B. 1193 are clearly unconstitutional; thus, by implication, the testimony of Plaintiffs' witnesses allows that constitutional applications exist, yet Plaintiffs have failed to identify such constitutional applications.

7. Plaintiffs have not presented evidence to refute, by a preponderance of the credible evidence, the evidence submitted by Defendants at ECF #42-1 (2/14/25 USDOE "Dear Colleague Letter") and the declarations submitted by Defendants at ECF #42-2 (Decl. of Dr. Casey Prestwood), #42-3 (Decl. of Ray Kelly Smith IV), #42-4 (Decl. of Kymberly Wiggins), and #42-5 (Decl. of Lisa Karmacharya, Ed.D.).

8. Each plaintiff/plaintiff representative who testified at the evidentiary hearing identified specific educational institutions by which they are employed or at which they, or their children, are enrolled. This testimony proves that should this Court grant Plaintiffs' motion for preliminary injunction, it is possible to fashion such relief so that the scope of the injunction is not universal but affords complete relief to the named plaintiffs, consistent with *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025).

**AUTHORITIES**

1. *Walker v. Tex. Div., Sons of Confederate Veterans*, 576 U.S. 200 (2015).
2. *Elizondo v. Parks*, 431 Fed. App'x 299 (5th Cir. 2011).
3. *Hays v. Laforge*, 113 F. Supp. 3d 883 (N.D. Miss. 2015).
4. *Walls v. Sanders*, No. 24-1990, 2025 WL 1948450 (8th Cir. July 16, 2025).

5. *United States v. Uhlenbrock*, 125 F.4th 217 (5th Cir. 2024).

6. *Black Emergency Response Team v. Drummond*, 571 P.3d 135 (Okla. 2025).

7. *NetChoice, LLC v. Paxton*, 121 F.4th 494 (5th Cir. 2024).

THIS the 5th day of August, 2025.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; GEE OGLETREE, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; STEVEN CUNNINGHAM, AMY ARRINGTON, DONALD CLARK, JR., ORMELLA CUMMINGS, JERRY L. GRIFFITH, JIMMY HEIDELBERG, TERESA HUBBARD, BRUCE MARTIN, HAL PARKER, GREGG RADER, AND CHARLIE STEPHENSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; JOHN PIGOTT, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; CHERYL THURMOND, VIDET CARMICHAEL, DONNIE CAUGHMAN, BUBBA HUDSPETH, DOLLY MARASCALCO, JOHNNY MCRIGHT, LUKE MONTGOMERY, WILL SYMMES, AND DIANNE WATSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; GLEN EAST, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MATT MILLER, LANCE EVANS, WENDI BARRETT, MATT MAYO, BILL JACOBS, RONNIE MCGEHEE, MIKE PRUITT, BILLYE JEAN STROUD, AND MARY WERNER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MARCY SCOGGINS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD;

AND JAY CARNEY, SANDRA MCKIERNON, ERIN MEYER, BEN MORGAN, CANDACE ROBINS, AND JENNIFER JACKSON WHITTIER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD, DEFENDANTS

By: LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By: s/Rex M. Shannon III
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4184
Fax: (601) 359-2003
rex.shannon@ago.ms.gov
lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be served, via electronic mail, a true and correct copy of the above and foregoing to the Court and to all counsel of record.

THIS the 5th day of August, 2025.

s/Rex M. Shannon III
REX M. SHANNON III