IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

**MISSISSIPPI ASSOCIATION OF
EDUCATORS, ET AL.,**[1]

        *Plaintiffs*,

v.

**LYNN FITCH, ET AL.,**

        *Defendants*.

Civil No. 3:25cv00417-HTW-LGI

**SUPPLEMENTAL REPLY IN SUPPORT OF
THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

    Last night, the Defendants filed a further submission elaborating on their opposition to the Plaintiffs' Motion for Preliminary Injunction. [68-1]. Although Plaintiffs disagree with the description of the Court's alleged "directive" to the parties, the Plaintiffs nevertheless make the following submission of a supplemental reply brief in order to address some of the Defendants' contentions and some of the pending issues.

    Defendants emphasize their claim that Plaintiffs have not met their burden for a First Amendment facial challenge under *Moody v. NetChoice, LLC,* 603 U.S. 707 (2024). However, in *Iancu v. Brunetti*, 588 U.S. 388, 398-399 (2017), the Supreme Court said it "has never applied [the 'substantially outweighs'] analysis to a viewpoint-discriminatory law," and it stated that such an analysis is inappropriate for challenges to bans on "divisive' . . . speech." As we previously explained in our briefing, [12] at 21-22, the bans in this case include "divisive"

---

[1] Plaintiff Mississippi Association of Educators has filed a Motion to be Removed as Plaintiff, Dkt. 45.

1

speech and are both content-based and viewpoint-based. This distinguishes them from the statutes challenged in *Moody*. *Moody* never purported to overrule *Iancu*. Further, even if *Moody* did control, its test would be met for reasons stated in our reply brief. [46] at 1-2. There is no universe of constitutional applications of these challenged provisions and no one has suggestedthere is. Accordingly, the Court should hold that the *Moody* analysis does not apply in light of *Iancu,* but even if it did, the universe of applications of the challenged provisions includes only unconstitutional applications, and to the extent there are any constitutional applications, they are substantially outweighed by the unconstitutional ones.

The Defendants' claims regarding *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and related case law are addressed in our reply brief. [46] at 3-8.

In response to the Defendants' claim that the testifying witnesses were inconsistent, the witnesses testified that much of their pre-existing classroom and extracurricular discussions and activities appear to be banned by Section 3(b)'s incorporation of Section 2(d), but that is this provision is vague in application in some respects and the remaining challenged provisions are particularly vague. That is not inconsistent.

This is illustrated by the testimony and the declarations of University of Mississippi sociology professor James Thomas. In his testimony, his initial declaration [11-6], and his supplemental declaration [13-1], Dr. Thomas explains how each of the challenged provisions would impact his teaching or, in terms of the vagueness, could impact this teaching. He and the other witnesses, as well as many declarants, testified to how the provisions chill their speech, cause them to self-censor, cause them to delay their plans for teaching their fall courses, cause them to delay their organizational activities, and put them at risk for investigations, hearings, and discipline.

The Defendants' contention regarding the scope of the injunction is addressed in Plaintiffs' Reply Brief, [46] at 11-12, and Plaintiffs' recent supplement. [66] at 1-2.

To the extent the Defendants made any other assertions, they will be addressed in the closing arguments today.

Dated: August 6, 2025                                               Respectfully submitted,

| | |
|---|---|
| *s/ Robert B. McDuff*<br>ROBERT B. MCDUFF<br>  MS BAR No. 2532<br>PALOMA WU<br>  MS BAR No. 105464<br>MISSISSIPPI CENTER FOR JUSTICE<br>210 E. CAPITOL STREET, STE 1800<br>JACKSON, MS 39201<br>601-259-8484<br>RMCDUFF@MSCENTERFORJUSTICE.ORG<br>PWU@MSCENTERFORJUSTICE.ORG<br><br>*s/ Amir Badat*<br>AMIR BADAT<br>  MS BAR No. 106599<br>BADAT LEGAL PLLC<br>P.O. BOX 15<br>TOUGALOO, MS 39174<br>PHONE: 601-462-9592<br>AMIR.BADAT@GMAIL.COM<br><br>*COUNSEL FOR PLAINTIFFS* | *s/ Joshua Tom*<br>JOSHUA TOM<br>  MS BAR. No 105392<br>MCKENNA RANEY<br>  MS BAR No. 106330<br>AYANNA HILL<br>  MS BAR No. 106590<br>AMERICAN CIVIL LIBERTIES UNION OF<br>MISSISSIPPI FOUNDATION, INC.<br>P.O. BOX 2242<br>JACKSON, MS 39225<br>PHONE: (601) 354-3408<br>JTOM@ACLU-MS.ORG<br>MRANEY@ACLU-MS.ORG<br>AHILL1@ACLU-MS.ORG<br><br>*s/ Nicolas Stanojevich*<br>NICOLAS STANOJEVICH*<br>QUINN, CONNOR, WEAVER,<br>DAVIES & ROUCO LLP<br>2 20TH STREET NORTH SUITE 930<br>BIRMINGHAM, AL 35203<br>PHONE: (205) 870-9989<br>NSTANOJEVICH@QCWDR.COM<br>*ADMITTED PRO HAC VICE |

CERTIFICATE OF SERVICE

I certify that the foregoing has been filed on the ECF system which served all counsel of record on this 1st day of August, 2025.

*s/ Robert McDuff*
Co-counsel for Plaintiffs
