**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JACKSON FEDERATION OF**
**TEACHERS,  ET AL.**                                              **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI**

**LYNN FITCH, in her official capacity as**
**Attorney General of Mississippi, ET AL.**                **DEFENDANTS**

---

**SEPARATE ANSWER AND DEFENSES OF DEFENDANTS ATTORNEY GENERAL**
**LYNN FITCH, MCCB MEMBERS, MSBE MEMBERS, AND MCSAB MEMBERS TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND**
**DECLARATORY RELIEF AND CLASS ACTION STATUS**

---

Defendants Lynn Fitch, in her official capacity as Attorney General of Mississippi, John Pigott, in his official capacity as Chair of the Mississippi Community College Board ("MCCB"), Cheryl Thurmond, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke Montgomery, Will Symmes, and Dianne Watson, all in their official capacities as Members of MCCB, Glen East, in his official capacity as Chair of the Mississippi State Board of Education ("MSBE"), Matt Miller, Lance Evans, Wendi Barrett, Matt Mayo, Bill Jacobs, Ronnie McGehee, Mike Pruitt, Billye Jean Stroud, and Mary Werner, all in their official capacities as Members of MSBE, Marcy Scoggins, in her official capacity as Chair of the Mississippi Charter School Authorizer Board ("MCSAB"), and Jay Carney, Sandra McKiernon, Erin Meyer, Ben Morgan, Candace Robins, and Jennifer Jackson Whittier, all in their official capacities as Members of MCSAB, (collectively "Defendants") by and through counsel, file this their Separate Answer and Defenses to the Second Amended Complaint for Injunctive and

Declaratory Relief and Class Action Status ("Second Amended Complaint") [ECF #75] filed against them by Plaintiffs herein, as follows:

**FIRST DEFENSE**

Plaintiffs' Second Amended Complaint should be dismissed in whole or in part for lack of subject-matter jurisdiction.

**SECOND DEFENSE**

Plaintiffs' Second Amended Complaint fails to state a claim against Defendants upon which relief can be granted, and Defendants move for dismissal.

**THIRD DEFENSE**

Defendants allege that some or all of Plaintiffs' claims are barred by a lack of standing.

**FOURTH DEFENSE**

Defendants affirmatively plead the doctrine of sovereign immunity and the provisions and protections of the Tenth and Eleventh Amendments to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiffs' claims.

**FIFTH DEFENSE**

The relief that Plaintiffs request is against the public interest.

**SIXTH DEFENSE**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiffs' Second Amended Complaint paragraph by paragraph, Defendants answer and allege as follows:

1.      Except to state that the law, where applicable, will speak for itself, and except to further state that legislative history, as determined from accurate sources and where applicable,

will speak for itself, Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.

2.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.

3.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

6.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.

8.    Defendants admit that House Bill 1193 took effect upon the Governor's signature on April 17, 2025. Defendants deny that House Bill 1193 violates Plaintiffs' constitutional rights. The remaining allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants. If, however, Defendants are mistaken in their belief, and a response is necessary and/or the remaining allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then except to state that the law, where applicable, will speak for itself, Defendants deny all such allegations.

9.    Defendants deny that this Court has subject-matter jurisdiction over all claims asserted in Plaintiffs' Second Amended Complaint.

10.    Except to state that this Court has personal jurisdiction over Defendants in this case, Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

11.    Except to state that venue is proper, if at all, in the Southern District of Mississippi, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint and therefore deny the same.

13.    Defendants deny the allegations contained in the first sentence of Paragraph 13 of Plaintiffs' Second Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint and therefore deny the same.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint and therefore deny the same.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint and therefore deny the same.

16.    Defendants deny the allegations contained in the first sentence of Paragraph 16 of Plaintiffs' Second Amended Complaint.  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint and therefore deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint and therefore deny the same.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint and therefore deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint and therefore deny the same.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint and therefore deny the same.

22.     Defendants admit, on information and belief, that Plaintiff Barbara Phillips is an Adjunct Professor of Law at the University of Mississippi School of Law in Oxford, Mississippi. Otherwise, denied.

23.     Defendants admit, on information and belief, that Plaintiff James Thomas is an Associate Professor of Sociology at the University of Mississippi in Oxford, Mississippi. Defendants are without knowledge or information sufficient to form a belief as to truth of the

allegations contained in the final sentence of Paragraph 23 of Plaintiffs' Second Amended Complaint. Otherwise, denied.

24.     Defendants admit, on information and belief, that Plaintiff Karen Aderer is a Lecturer in Social Work at the University of Southern Mississippi in Hattiesburg, Mississippi. Otherwise, denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 25 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 26 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 27 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 28 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 29 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 30 of Plaintiffs' Second Amended Complaint and therefore deny the same. Otherwise, denied.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 31 of Plaintiffs' Second Amended Complaint and therefore deny the same.  Otherwise, denied.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 32 of Plaintiffs' Second Amended Complaint and therefore deny the same.  Otherwise, denied.

33.     Defendants admit that Lynn Fitch is the Attorney General of Mississippi.

34.     Defendants admit, on information and belief, the allegations contained in the first sentence of Paragraph 34 of Plaintiffs' Second Amended Complaint.  Plaintiffs' representation, in the second sentence of Paragraph 34 of Plaintiffs' Second Amended Complaint, that the defendants identified in Paragraph 34 of their Second Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint.

35.     Defendants admit the allegations contained in the first sentence of Paragraph 35 of Plaintiffs' Second Amended Complaint.  Plaintiffs' representation, in the second sentence of Paragraph 35 of Plaintiffs' Second Amended Complaint, that the defendants identified in Paragraph 35 of their Second Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint.

36.     Defendants admit the allegations contained in the first sentence of Paragraph 36 of Plaintiffs' Second Amended Complaint.  Plaintiffs' representation, in the second sentence of

Paragraph 36 of Plaintiffs' Second Amended Complaint, that the defendants identified in Paragraph 36 of their Second Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint.

37.    Defendants admit the allegations contained in the first sentence of Paragraph 37 of Plaintiffs' Second Amended Complaint.  Plaintiffs' representation, in the second sentence of Paragraph 37 of Plaintiffs' Second Amended Complaint, that the defendants identified in Paragraph 37 of their Second Amended Complaint are sued solely in their official capacities is a statement of intent, and as such requires no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in the first three sentences of Paragraph 38 of Plaintiffs' Second Amended Complaint.  The allegations contained in the fourth sentence of Paragraph 38 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the fourth sentence of Paragraph 38 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

39.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint.

41.     The allegations contained in the first sentence of Paragraph 41 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in the first sentence of Paragraph 41 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint.

42.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint.

43.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint.

44.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Complaint.

45.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint.

46.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.

48. Except to state that the law, where applicable, will speak for itself, and except to further state that history and sociology, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint.

50. Except to state that the law, where applicable, will speak for itself, and except to further state that history and sociology, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint.

51. Except to state that the law, where applicable, will speak for itself, and except to further state that history, sociology, and philosophy, as determined from accurate sources and where applicable, will speak for themselves, Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint.

55. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint.

61.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint.

62.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

64.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint.

68.     Defendants deny that "the law" referenced in Paragraph 68 of Plaintiffs' Second Amended Complaint is "vague[ ]" as alleged therein.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint and therefore deny the same.

69.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint.

70.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint.

73.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint.

75.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint.

77.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint.

78.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint.

79.    Except to state that the Southern Association of Colleges and Schools Commission on Colleges manual quoted in Paragraph 79 of Plaintiffs' Second Amended Complaint, where applicable, will speak for itself in terms of its contents, and except to further state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint.

80.    Except to state that the American Bar Association ("ABA") Standard quoted in Paragraph 80 of Plaintiffs' Second Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint and therefore deny the same.

81.    Except to state that the ABA Standard quoted in Paragraph 81 of Plaintiffs' Second Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint.

82.    Except to state that the ABA Standard quoted in Paragraph 82 of Plaintiffs' Second Amended Complaint, where applicable, will speak for itself in terms of its contents, Defendants deny the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint.

83.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint.

84.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint.

85.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint.

86.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint.

87.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint.

88.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint.

89.     To the extent the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint reflect Plaintiffs' speculation about what "will" occur in the future, those allegations are statements of conjecture and as such require no response from Defendants.  Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint.

90.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint.

91.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint.

92.     Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint.

93.     To the extent the allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint reflect Plaintiffs' speculation about what "would" or "would likely" occur in

the future, those allegations are statements of conjecture and as such require no response from Defendants. Except to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint.

94.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint.

95.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint and therefore deny the same.

96.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint and therefore deny the same.

97.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint and therefore deny the same.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint and therefore deny the same.

99.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint and therefore deny the same.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiffs' Second Amended Complaint and therefore deny the same.

101.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiffs' Second Amended Complaint and therefore deny the same.

102.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint.

103.    Defendants deny that H.B. 1193 will result in any student "receiv[ing] an inferior education" or being "less prepared than students from other states" as alleged in Paragraph 103 of Plaintiffs' Second Amended Complaint.  Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint and therefore deny the same.

104.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint and therefore deny the same.

105.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint and therefore deny the same.

106.    Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint and therefore deny the same.

107.    To the extent the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint reflect Plaintiffs' speculation about what "may" occur in the future, those allegations are statements of conjecture and as such require no response from Defendants.  Except

to state that the law, where applicable, will speak for itself, Defendants deny the remaining allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint.

108.    Defendants deny the allegations contained in the first sentence of Paragraph 108 of Plaintiffs' Second Amended Complaint.  Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in the second sentence of Paragraph 108 of Plaintiffs' Second Amended Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 108 of Plaintiffs' Second Amended Complaint and therefore deny the same.  Except to state that the law, where applicable, will speak for itself, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph 108 of Plaintiffs' Second Amended Complaint and therefore deny the same.

109.    Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint.

110.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 110 of Plaintiffs' Second Amended Complaint.

111.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 111 of Plaintiffs' Second Amended Complaint.

112.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint.

113.    The allegations contained in Paragraph 113 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations

contained in Paragraph 113 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

114.    The allegations contained in Paragraph 114 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in Paragraph 114 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

115.    The allegations contained in Paragraph 115 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in Paragraph 115 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

116.    The allegations contained in Paragraph 116 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however, Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in Paragraph 116 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then Defendants deny all such allegations.

117.    The allegations contained in Paragraph 117 Plaintiffs' Second Amended Complaint appear to be statements of intent, and as such require no response from Defendants.  If, however,

Defendants are mistaken in their belief, and a response is necessary and/or the allegations contained in Paragraph 117 of Plaintiffs' Second Amended Complaint are intended to or do adversely affect Defendants or anyone affiliated with Defendants, then except to state that the law, where applicable, will speak for itself, Defendants deny all such allegations.

118.    Defendants deny the allegations contained in Paragraph 118 of Plaintiffs' Second Amended Complaint.

119.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 119 of Plaintiffs' Second Amended Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of Plaintiffs' Second Amended Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of Plaintiffs' Second Amended Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of Plaintiffs' Second Amended Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Second Amended Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of Plaintiffs' Second Amended Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiffs' Second Amended Complaint and therefore deny the same.

**<u>Count One</u>**

126.    Defendants deny the allegations contained in Paragraph 126 of Plaintiffs' Second Amended Complaint.

127.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 127 of Plaintiffs' Second Amended Complaint.

128.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 128 of Plaintiffs' Second Amended Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Second Amended Complaint.

**<u>Count Two</u>**

130.    Defendants deny the allegations contained in Paragraph 130 of Plaintiffs' Second Amended Complaint.

131.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 131 of Plaintiffs' Second Amended Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of Plaintiffs' Second Amended Complaint.

**<u>Count Three</u>**

133.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 133 of Plaintiffs' Second Amended Complaint.

134.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 134 of Plaintiffs' Second Amended Complaint.

135.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 135 of Plaintiffs' Second Amended Complaint.

136.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Second Amended Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of Plaintiffs' Second Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of Plaintiffs' Second Amended Complaint.

## Count Four

139.    Defendants deny the allegations contained in Paragraph 139 of Plaintiffs' Second Amended Complaint.

## Count Five

140.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 140 of Plaintiffs' Second Amended Complaint.

## Count Six

141.    Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Second Amended Complaint.

Defendants deny the allegations contained in the unnumbered paragraph and Sub-paragraphs 1. through 4. thereunder, following Paragraph 141 of Plaintiffs' Second Amended Complaint under the heading "RELIEF" and commencing "Plaintiffs request the following," and Defendants further deny that Plaintiffs, or anyone, are entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, costs, or interest, or to any sum or relief whatsoever of, from, or against Defendants, or any of them, herein.

**SEVENTH DEFENSE**

Defendants deny each and every allegation of Plaintiffs' Second Amended Complaint by which Plaintiffs seek to impose liability upon Defendants and/or secure declaratory relief, injunctive relief, or other relief, and Defendants deny that they or their employees or agents have been or can be guilty of any actionable conduct in the premises.

**EIGHTH DEFENSE**

Defendants invoke any and all rights and protections afforded to Defendants by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

**NINTH DEFENSE**

Defendants deny that Plaintiffs' Second Amended Complaint states facts sufficient to certify a class and further deny that this action is properly brought as a class action. Defendants invoke any and all applicable provisions and protections of Rule 23, *Federal Rules of Civil Procedure*, in bar of Plaintiffs' claims.

**TENTH DEFENSE**

Plaintiffs' Second Amended Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

**ELEVENTH DEFENSE**

Defendants invoke all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiffs' claims.

**TWELFTH DEFENSE**

Defendants affirmatively plead the doctrine of unclean hands in bar of Plaintiffs' claims.

## THIRTEENTH DEFENSE

Defendants reserve the right to amend their answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendants do not waive, and further reserve, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Second Amended Complaint filed against them herein, Defendants Lynn Fitch, in her official capacity as Attorney General of Mississippi, John Pigott, in his official capacity as Chair of the Mississippi Community College Board ("MCCB"), Cheryl Thurmond, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke Montgomery, Will Symmes, and Dianne Watson, all in their official capacities as Members of MCCB, Glen East, in his official capacity as Chair of the Mississippi State Board of Education ("MSBE"), Matt Miller, Lance Evans, Wendi Barrett, Matt Mayo, Bill Jacobs, Ronnie McGehee, Mike Pruitt, Billye Jean Stroud, and Mary Werner, all in their official capacities as Members of MSBE, Marcy Scoggins, in her official capacity as Chair of the Mississippi Charter School Authorizer Board ("MCSAB"), and Jay Carney, Sandra McKiernon, Erin Meyer, Ben Morgan, Candace Robins, and Jennifer Jackson Whittier, all in their official capacities as Members of MCSAB, respectfully request that they be dismissed with prejudice from this action with their costs assessed to Plaintiffs.

THIS the 2nd day of September, 2025.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY
AS ATTORNEY GENERAL OF MISSISSIPPI;

JOHN PIGOTT, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; CHERYL THURMOND, VIDET CARMICHAEL, DONNIE CAUGHMAN, BUBBA HUDSPETH, DOLLY MARASCALCO, JOHNNY MCRIGHT, LUKE MONTGOMERY, WILL SYMMES, AND DIANNE WATSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; GLEN EAST, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MATT MILLER, LANCE EVANS, WENDI BARRETT, MATT MAYO, BILL JACOBS, RONNIE MCGEHEE, MIKE PRUITT, BILLYE JEAN STROUD, AND MARY WERNER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MARCY SCOGGINS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD; AND JAY CARNEY, SANDRA MCKIERNON, ERIN MEYER, BEN MORGAN, CANDACE ROBINS, AND JENNIFER JACKSON WHITTIER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD, DEFENDANTS

By:    LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:    s/Rex M. Shannon III
        REX M. SHANNON III (MSB #102974)
        Special Assistant Attorney General

REX M. SHANNON III (MSB #102974)
LISA A. REPPETO (MSB #99978)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

lisa.reppeto@ago.ms.gov

ATTORNEYS FOR DEFENDANTS LYNN FITCH, IN HER OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF MISSISSIPPI; JOHN PIGOTT, IN HIS OFFICIAL CAPACITY
AS CHAIR OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; CHERYL
THURMOND, VIDET CARMICHAEL, DONNIE CAUGHMAN, BUBBA HUDSPETH,
DOLLY MARASCALCO, JOHNNY MCRIGHT, LUKE MONTGOMERY, WILL SYMMES,
AND DIANNE WATSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE
MISSISSIPPI COMMUNITY COLLEGE BOARD; GLEN EAST, IN HIS OFFICIAL
CAPACITY AS CHAIR OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MATT
MILLER, LANCE EVANS, WENDI BARRETT, MATT MAYO, BILL JACOBS, RONNIE
MCGEHEE, MIKE PRUITT, BILLYE JEAN STROUD, AND MARY WERNER, ALL IN
THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI STATE BOARD OF
EDUCATION; MARCY SCOGGINS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE
MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD; AND JAY CARNEY, SANDRA
MCKIERNON, ERIN MEYER, BEN MORGAN, CANDACE ROBINS, AND JENNIFER
JACKSON WHITTIER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE
MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 2nd day of September, 2025.

s/Rex M. Shannon III
REX M. SHANNON III