**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **JACKSON FEDERATION OF TEACHERS, et al.** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:25-cv-00417-HTW-LGI** |
| **LYNN FITCH, et al.** | **DEFENDANTS** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [ECF# 85]**

Defendants now file their Response to Plaintiffs' Motion for Class Certification [ECF# 85] as follows:

1. Class certification under "Rule 23 does not set forth a mere pleading standard." *See Chavez v. Plan Benefit Servs., Inc*., 957 F.3d 542, 545 (5th Cir. 2020). Rather, Plaintiffs must present, and this Court must engage in, a "rigorous analysis" to "detail with sufficient specificity how the plaintiff has met the requirements of Rule 23." *Id.* To satisfy this "rigorous requirement," Plaintiffs and the Court "must explain and apply the substantive law governing the plaintiffs' claims to the relevant facts and defenses, articulating why the issues are fit for classwide resolution." *Id*. at 546.

2. To prevail, Plaintiffs must "satisfy *all* requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – and at least one of the three requirements listed in Rule 23(b)." *Sampson v. United Services Automobile Ass'n*, 83 F.4th 414, 418 (5th Cir. 2023) (emphasis added). The Fifth Circuit has "emphasized" that Rule 23's "'rigorous analysis' mandate is not some pointless exercise. . . . It matters." *Id.* Moreover, the Court 's analysis may not rely on generalities but, instead, "must stay close to the facts and law of the case, spurning reliance on generalizations about what types of disputes may be fit for a class." *Chavez v. Planned Benefit Services, Inc., 957*

1

F.3d 542, 546 (5th Cir. 2020). Under applicable law, this Court must hold the Plaintiffs to this burden in order to establish a sufficient record for appellate review. *Id.* at 547 ("Appellate judges are not finders of fact, and we play no role in managing a district court's docket. So it's up to the district judge to find the facts.").

3. Plaintiffs have not come forward with adequate proof to establish any of the burdens imposed on them by Rule 23. The motion for class certification should, therefore, be denied.

4. Rule 23 requires this Court to "'find,' not merely assume the facts favoring class certification . . . "; accordingly, it may allow "controlled discovery at the certification stage." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). Because the Plaintiffs have failed to meet their burden under Rule 23, this Court should deny the motion on the written submissions. If it does not, the Defendants should be allowed to conduct limited discovery on issues relevant to class certification to prepare for the evidentiary hearing required.

FOR THESE REASONS and those set forth in the Defendants' supporting memorandum of authorities filed simultaneously with this response, the Court should deny Plaintiffs' motion for class certification. ALTERNATIVELY, the Court should defer ruling on the Plaintiffs' motion and allow the Defendants to conduct limited discovery on the issue class/sub-class certification

THIS the 24th day of April, 2026.

Respectfully submitted,

LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; GEE OGLETREE, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; STEVEN CUNNINGHAM, AMY ARRINGTON, DONALD CLARK, JR., ORMELLA CUMMINGS, JERRY L. GRIFFITH, JIMMY HEIDELBERG, TERESA HUBBARD, BRUCE MARTIN, HAL PARKER, GREGG

RADER, AND CHARLIE STEPHENSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING; JOHN PIGOTT, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; CHERYL THURMOND, VIDET CARMICHAEL, DONNIE CAUGHMAN, BUBBA HUDSPETH, DOLLY MARASCALCO, JOHNNY MCRIGHT, LUKE MONTGOMERY, WILL SYMMES, AND DIANNE WATSON, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI COMMUNITY COLLEGE BOARD; GLEN EAST, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MATT MILLER, LANCE EVANS, WENDI BARRETT, MATT MAYO, BILL JACOBS, RONNIE MCGEHEE, MIKE PRUITT, BILLYE JEAN STROUD, AND MARY WERNER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI STATE BOARD OF EDUCATION; MARCY SCOGGINS, IN HER OFFICIAL CAPACITY AS CHAIR OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD; AND JAY CARNEY, SANDRA MCKIERNON, ERIN MEYER, BEN MORGAN, CANDACE ROBINS, AND JENNIFER JACKSON WHITTIER, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE MISSISSIPPI CHARTER SCHOOL AUTHORIZER BOARD, DEFENDANTS

By:     LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:     s/Lisa A. Reppeto
        LISA A. REPPETO (MSB #99978)
        Special Assistant Attorney General

3

LISA A. REPPETO (MSB #99978)
STATE of MIISSISSIPPI
OFFICE OF ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-2780; Fax:  (601) 359-2003
lisa.reppeto@ago.ms.gov

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Lisa A. Reppeto, Special Assistant Attorney General and attorney for the above-named defendants, do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF filing system, which sent notification of such filing to all counsel of record.

THIS the 24th day of April, 2026.

s/Lisa A. Reppeto
LISA A. REPPETO